## DE FOREST v. MILLER.

(Court of Appeals of District of Columbia. Submitted November 11, 1920. Decided January 3, 1921.)

Patents ⬯106(2)—Objection that applicant was not real inventor cannot be raised in interference proceeding.

In an interference proceeding, the junior applicant cannot object that the record shows the senior applicant was not in fact the real inventor, which question is solely for the determination of the Commissioner of Patents in allowing the patent to the senior applicant, on which the junior has no right to be heard.

Appeal from the Commissioner of Patents.

Interference proceeding between Lee De Forest and Frank E. Miller to determine priority of invention. From a decision of the Commissioner of Patents, awarding priority to Miller, De Forest appeals. Affirmed.

Samuel E. Darby, of New York City, for appellant.
Leonard Day, of New York City, for appellee.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents in an interference proceeding, awarding to appellee priority of invention for a device described by the Commissioner as "a system for producing musical tones, making use of an audion and a loud-speaking telephone."

It is unnecessary to set out the counts of the issue, since we concur with the tribunals of the Patent Office on the questions of fact and the

conclusions thereon. Appellant, however, seeks to prevail upon the ground that it is shown by the record, as he contends, that appellee is not, in fact, the real inventor; but the invention which he here claims was made by a third person not a party to this proceeding. Without stopping to consider whether this contention is supported by the record, it is sufficient that it cannot here be raised. This proceeding can only settle the issue of priority as between the parties before the court, and appellant cannot defeat his opponent by showing that a party other than appellee was the real inventor. Foster v. Antisdel, 14 App. D. C. 552; Luellen v. Claussen, 43 App. D. C. 444.

Appellee, in the light of this record, may have difficulty in securing a patent; but that is a question to arise later between appellee as an applicant and the Commissioner of Patents. In that proceeding, however, appellant would have no standing to be heard. Foster v. Antisdel, supra.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law rquired.

Affirmed.