## KATZMAN v. GEORGIEV.

District Court, S. D. New York.
April 21, 1936

Dean, Fairbank, Hirsch & Foster, of New York City, for Georgiev.

Willis B. Rice, of New York City, for respondents.

PATTERSON, District Judge.

The application is for an order compelling the respondents, witnesses in an interference proceeding pending in the Patent Office, to answer certain questions put to them.

The Commissioner of Patents declared an interference between two applications for patents, that of Georgiev and that of Katzman, in order to determine to whom a patent on the alleged invention should be issued. One Rice was the record owner of the Katzman application. In the resulting proceeding each party proceeded to take testimony. Georgiev put questions to three witnesses to develop whether some person or persons other than Rice were not beneficially interested in the Katzman application. These questions the witnesses declined to answer. Georgiev then applied to this court, under 35 U.S.C.A. § 56, for an order compelling answers.

The question is whether the present ownership of the Katzman application is a matter for inquiry in the interference proceeding. The answer is that it is not.

An interference proceeding in the Patent Office is an administrative proceeding. It is initiated by the Commissioner as a guide to him in performing his duty in the issuance of a patent, to determine priority of invention among several applications for patent. In fact, the sole issue is priority of invention, and the Patent Office has always treated the interference proceeding as one between applications rather than between applicants. Matters touching transfers of title by applicants are not regarded as relevant. Lattig v. Dean, 25 App.D.C. 591; Hicks v. Keating, 40 O. G. 343. Evidence bearing on other extraneous matters has also been disregarded in such proceedings. Deforest v. Miller, 269 F. 718; American Cable Co. v. John A. Roebling's Sons Co., 62 App.D.C. 168, 65 F.(2d) 801; Borglin v. Palmer (Cust. & Pat.App.) 70 F.(2d) 899.

It follows that the respondents were justified in refusing to answer questions designed to elicit whether beneficial ownership of the Katzman application was the same as the record ownership. The petition to compel answers will be denied.