24 C.C.P.A. (Patents)

### FISHBURN et al. v. VINCENT.

### Patent Appeals No. 3753.

Court of Customs and Patent Appeals.
March 29, 1937.

Hood & Hahn, of Indianapolis, Ind. (William P. Hahn, of Indianapolis, Ind., and Charles M. Thomas, of Washington, D. C., of counsel), for appellants.

Rector, Hibben, Davis & Macauley, of Chicago, Ill. (Harry W. Lindsey, Jr., of Chicago, Ill., Francis G. Cole, of Washington, D. C., and Milton Tibbetts, of Detroit, Mich., of counsel), for appellee.

Before BLAND, Acting Presiding Judge, and HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in an interference proceeding from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner of Interferences awarding priority of invention of the subject-matter in issue to appellee.

The counts of the interference are Nos. 1 to 4, inclusive, of which count 1 is illustrative. It reads:

"Count 1. A synchronizer comprising, in combination with a driving and a driven member, a clutch member mounted on one of said members having a friction clutch portion and a positive clutch portion, said positive clutch portion having radial teeth, a hub rotatively fixed on and axially movable on the other member having a friction clutch portion *and radial positive clutch teeth in end to end relation with the radial clutch teeth of said first mentioned clutch portion,* an axially movable rotatively fixed locking member surrounding said hub for bridging the teeth of the two clutch members to lock the two clutch members together and means for resiliently locking said locking member and hub together axially." (Italics ours.)

Appellants' application was filed December 22, 1930, Serial No. 504,084.

Appellee's application was filed July 10, 1930, Serial No. 466,949.

■ Appellants are the junior parties, and the burden is upon them to establish priority of invention by a preponderance of the evidence.

The Examiner of Interferences held that the evidence submitted by appellants was not sufficient to warrant a holding that they had either conceived or reduced the invention to practice prior to appellee's filing date. The Examiner then stated the grounds— five in number—upon which appellants sought to prevail over appellee. However, only two of those grounds are before us for consideration. It is unnecessary, therefore, to refer to the Examiner's decision on other points presented to him.

■ With reference to the first ground before us, upon which appellants sought to prevail over appellee, namely, that appellee disclaimed in his testimony the subject-matter of the counts involved in the interference, the Examiner of Interferences said:

"The contention that Vincent has disclaimed the invention is based solely upon an answer given by Vincent to a question put on cross-examination with respect to the disclosure of his application. The question and answer read as follows:

"XQ. 135. And you would, therefore, say that the radial positive clutch teeth, 35, on the hub, are not in end to end relation with the radial positive clutch teeth, 38, isn't that correct? A. Correct.

"It may be noted that each of the issue counts specifies that the radial positive clutch teeth on the hub are in end to end relation with the positive clutch teeth 35 on the driving shaft.

"If Vincent's statement, quoted above, was the only evidence as to the disclosure of his application, this contention on the part of Fishburn et al., might carry some weight, but the application is a Patent Office record and the office is the sole judge as to what is disclosed therein. It is well settled that testimony to explain the disclosure of pending applications is inadmissible. Cooper v. Downing, 1916, C.D. ▮ 4. And no reason is seen for making an exception in this case. The counts are either supported by the Vincent application or they are not, and nothing that Vincent or anyone else can say will alter that fact. It may be noted that the present situation differs from those in the cases cited by Fishburn et al., which involve an unqualified disclaimer of the invention set forth in the counts, or a deliberate and formal admission that such invention was not disclosed in the application.

"Accordingly it is held that Vincent has not disclaimed the invention in issue."

The second ground before us, that is, that appellee failed to disclose the subject-matter of the counts of the interference in his involved application, was discussed by the Examiner of Interferences as follows:

"Under the authority of Isom v. Dubbs, [58 App.D.C. 25, 24 F.(2d) 467] 1928 C. D. 102 and Dreyfus v. Lilienfeld, [18 F. (2d) 1539] 1931 C.D. 681, Fishburn, et al., cannot be held to urge this contention since they have failed to raise it during *the motion period by motion to dissolve.* While Fishburn *did bring a motion to dissolve after testimony was taken,* this motion was dismissed on November 7, 1934, on the ground that insufficient excuse was alleged for the delay in filing the same. No petition was taken from this dismissal. [Italics ours.]

"While as pointed out in Smith v. Foley, 1918 [1908], C.D. 210, the examiner of interferences can consider the question of disclosure on his own motion, it is not believed that the circumstances of this case justify such action. Without passing upon the question as to whether Vincent discloses teeth on the hub member which are sufficiently in end to end relation with the positive clutch teeth 35 to support the issue counts, it may be noted that the Vincent Exhibits A and B and the testimony with respect thereto establish conception by Vincent of a structure which unquestionably supports the issue counts as early as October, 1928. Note also that Vincent's patent 1,901,713, which was copending with his present application, also discloses a structure clearly within the issue. [Vincent's Exhibit R. A reissue application "of Letters Patent Number 1,901,713, Dated March 14, 1933"]. In view of these circumstances it is apparent that Vincent is the first inventor of the subject-matter in issue and *could have taken steps to amend the issue or substitute a reissue of his aforesaid patent for his present application if he had received timely notice of this ground of attack.* This is just what was done by Vincent when Fishburn et al., filed his motion to dissolve after the taking of testimony; but the motion by Vincent under Rule 109 was dismissed in view of the dismissal of the Fishburn et al., motion to dissolve. [Italics ours.]

"Accordingly it is held that for the purpose of the present controversy it must be presumed that the issue counts are supported by the Vincent application."

The Examiner of Interferences held that as appellants, the junior parties, failed to overcome the filing date of the senior party, Vincent, priority of invention should be awarded the latter.

In affirming the decision of the Examiner of Interferences, the Board of Appeals stated that appellee had not disclaimed the invention by his testimony, referred to in the Examiner's decision, and held that as appellant failed to file a motion to dissolve the interference on the ground that appellee's application did not disclose the invention defined by the appealed counts during the motion period, as provided in rule 122 of the Rules of Practice in the United States Patent Office, that issue was not before the tribunals of the Patent Office.

In concluding its decision, the Board said:

"The question as to whether the counts can or cannot properly be made in the Vincent application involved in the interference or in his reissue is one which, in our opinion, may properly be left to the consideration of the Primary Examiner. We believe that it is best for us to confine our decision to the question before us."

714

In this court, counsel for appellants state in their brief, under the heading "Questions Involved," that:

"The sole question involved in this appeal may be summarized as follows:

"(1) Does Vincent's admission in the testimony that his involved application fails to disclose the subject matter of the counts of the interference constitute a disclaimer of his right to the claimed invention?

"The Board of Appeals substantially followed the decision of the Examiner of Interferences on this question.

"The Examiner of Interferences erroneously refused to accept the sworn statement as a disclaimer. Apparently his view was due to the belief that although the involved application failed to illustrate the claimed invention, Vincent, nevertheless, was entitled to an award of priority because of certain extraneous proofs alleged to establish conception prior to Fishburn's date. It is immaterial what Vincent may have conceived. To receive an award of priority, the involved application must carry a clear and complete disclosure of the claimed invention.

"(2). Does Vincent's sworn declaration that the subject matter of the counts is not supported by the involved disclosure constitute a binding admission against interest?

"The admission or declaration is made by the principal and is, therefore, admissible and binding on him."

and, under the heading "Errors Relied On," that:

"The errors relied on are:

"(1) That the Board erred in holding that the testimony of Vincent does not constitute a disclaimer of the subject matter of the counts of the interference.

"(2) In following the decision of the Examiner of Interferences and holding that the Vincent application discloses the subject matter of the counts of the interference and awarding priority to Vincent."

Accordingly, we will limit our discussion to the "questions involved," and the two errors relied upon by counsel for appellants.

The first contention of counsel for appellants is that appellee disclaimed the invention by the following testimony given on cross-examination: "XQ. 135. And you would, therefore, say that the radial positive clutch teeth, 35, on the hub, are not in end to end relation with the radial positive clutch teeth, 38, isn't that correct? A. Correct."

It is clear from other testimony given by appellee that he had no intention of admitting that his application failed to disclose the subject-matter of the counts of the interference, or that he intended to disclaim the involved invention.

It seems to have been the practice in the Patent Office over a period of many years to reject, except in very exceptional cases, testimony offered for the purpose of explaining the disclosure of a pending application. See Cooper v. Downing, 1916 C.D. 3, 4, wherein the Commissioner of Patents made the following statement:

"It is not the practice of this Office to permit expert testimony to explain what an application discloses. The tribunals of this Office are presumed to be sufficiently expert to understand the technical terms, and they are in possession of information as to the state of the art upon which any alleged improvement is grounded. Therefore, expert evidence is admissible, if at all, in very exceptional cases."

Furthermore, under Patent Office practice, as a general rule, motions to dissolve an interference arising out of the testimony in the case will not be considered. Sullivan v. Thompson, 1901 C.D. 21; Shallenberger v. Andrews, 1902 C.D. 346, and cases therein cited; Winton v. Jeffery, 1904 C.D. 386.

The second error relied upon by appellants is that the Board of Appeals erred in "following the decision of the Examiner of Interferences, and holding that the Vincent application discloses the subject matter of the counts of the interference and awarding priority to Vincent."

It appears from the record, as stated by the tribunals of the Patent Office, that appellants' motion to dissolve the interference, on the ground that appellee's application did not disclose that the radial positive clutch teeth on the hub were in end to end relation with the positive clutch teeth on the driving shaft, as called for by each of the counts, was not filed until after the taking of the testimony in the case, and, therefore, was not within the motion period, as provided in rule 122 of the Rules of Practice in the United States Patent Office.

The motion to dissolve contains the statement that appellants failed to discover that appellee's application did not disclose the invention until appellee testified.

The Examiner of Interferences held, and was sustained by the Board of Appeals in so holding, that as the motion to dissolve was not filed during the motion period, and as the excuse offered for the delay in filing it was wholly insufficient, it should be dismissed.

Appellants having failed to file the motion to dissolve, hereinbefore referred to, during the motion period, and having failed to give sufficient reason for the delay in filing, they cannot now be heard to argue that appellee's application does not disclose the involved invention. See Felbel v. Oliver, 1900 C.D. 150; Smith v. Foley v. Anderson v. Smith, 1908 C.D. 210; Isom v. Dubbs, 58 App.D.C. 25, 24 F.(2d) 467; Urschel v. Crawford, 73 F.(2d) 510, 22 C.C.P.A.(Patents) 727; Rossiter v. Ellis, 74 F.(2d) 455, 22 C.C.P.A.(Patents) 793.

We find ourselves in complete accord with the conclusion reached by the tribunals of the Patent Office, and the decision of the Board of Appeals is affirmed.

In accordance with the stipulation entered into by the parties, filed in the Patent Office January 30, 1936, the costs of printing in the record the following papers is taxed against appellee, "Filewrapper and contents of Vincent application 466,949," except the application itself, and "Amendment to the Vincent application, Serial No. 466,949, dated November 2, 1934 and included in the motion under Rule 109."

Affirmed.

GRAHAM, P. J., did not participate.