31 C.C.P.A.(Patents)

**Application of OPPENAUER.**

**Patent Appeal No. 4907.**

Court of Customs and. Patent Appeals. June 26, 1944.

Henry C. Parker, of Washington, D. C., for appellant.

George Foulkes, of Washington, D. C., for Alien Property Custodian.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting claims 64, 66, 68, 69, 72, 75, 78, 80 and 84 of an application for a patent on a "Process for Oxidizing Unsaturated Polycyclic Alcohols," on the ground that they are broader than warranted by the disclosure. No references are relied on. Six claims were allowed.

The invention is described in the statement of the examiner as follows:

"The invention in this case consists in a process for producing unsaturated polycyclic ketones of the cyclopentanopolyhydrophenanthrene series by subjecting a keto-secondary alcohol of said series to the action of a catalyst of the class consisting of aluminum tertiary alcoholates and magnesium tertiary alcoholates in the presence of excess of an organic compound selected from the group consisting of aldehydes and ketones."

Claims 64, 68 and 84 are illustrative of the involved subject matter and read as follows:

"64. The process or manufacturing polycyclic ketones which comprises subjecting a secondary alcohol of the cyclopentano-polyhydrophenanthrene series in which it is theoretically possible for at least one hydroxyl group to be replaced by a keto group to the action of an excess of an organic compound selected from the group consisting of aldehydes and ketones in the presence of a metal alcoholate of a tertiary alcohol."

"68. The process of manufacturing polycyclic ketones which comprises subjecting an unsaturated polycyclic alcohol in which it is theoretically possible for at least one hydroxyl group to be replaced by a keto group to the action to an excess of an organic compound selected from the group consisting of aldehydes and ketones in the presence of an alcoholate selected from a class consisting of the tertiary aluminum and chloro-magnesium alcoholates."

"84. The process of manufacturing polycyclic ketones which comprises subjecting an unsaturated secondary polycyclic alcohol of the cyclopentano-polyhydrophen-

anthrene series to the action of an organic compound selected from a class consisting of aldehydes and ketones in the presence of a tertiary alcoholate selected from a class consisting of the aluminum and chloro-magnesium alcoholates; the reaction taking place in an inert solvent and at a temperature ranging from 50° to 140° C."

Subsequent to the final rejection by the examiner and prior to his statement, appellant filed an affidavit by a highly skilled scientist purporting to show that the disclosure of the application was sufficient basis for broad claims. The examiner held the affidavit to have no pertinence in that the disclosure in an application was not subject to change of scope by means of affidavits either as to facts or opinion. The Board of Appeals made no mention of the affidavit.

The tribunals below rejected. claim 64 on the ground that it failed to define "secondary alcohol" as being unsaturated, claims 66, 68 and 78 because of the breadth of the definition of the alcohols, and claims 64, 66, 69, 72, 75, 80 and 84 because the definition of the catalyst was not in accordance with the disclosure.

■ Appellant in his brief lays great stress upon the affidavit, which sets out the affiant's interpretation of appellant's disclosure. It is well-settled law that testimony will not be received for the purpose of explaining the disclosure of a pending application except in very exceptional cases. Cooper v. Downing, 45 App.D.C. 345, 1916 C.D. 227; Armstrong v. Levy, 58 App.D.C. 293, 29 F.2d 953, 1929 C.D. 113; Fishburn et al. v. Vincent, 88 F.2d 711, 24 C.C.P.A., Patents, 1079. We do not think the present case is an exception, and therefore will not consider the affidavit.

The issue here to be decided is whether or not the disclosure of the application is broad enough to permit the allowance of the rejected claims.

■ In his specification appellant refers to the treatment of unsaturated compounds of the cyclopentano-polyhydrophenanthrene series without indicating in any way that saturated compounds of that series were intended to be employed in his process.

It is quite clear that claim 64 was properly rejected for the reason that the "secondary alcohol" mentioned therein is not limited to an unsaturated alcohol.

■ Claims 66, 68 and 78 require treatment of "an unsaturated polycyclic alcohol." The position of the tribunals below was that all the unsaturated polycyclic alcohols mentioned in the specification are members of the cyclopentano-polyhydrophenanthrene series, and for the reason that the disclosure was limited to that single class there was no proper basis for claims broadly to the use of all unsaturated polycyclic alcohols. A careful examination of the specification convinces us that the rejection of those claims for the reason stated by the Patent Office tribunals was proper.

■ Claims 69, 72, 75, 80 and 84 were rejected as being unduly broad in that the catalyst "selected from a class consisting of the aluminum and chloro-magnesium alcoholates" is not limited to a tertiary alcoholate of aluminum and chloro-magnesium, which are the only catalysts in the specification expressly stated to be suitable, although there are contained therein general references to "certain alcoholates" and "tertiary metal alcoholates."

■ We think that when only a limited number of a large group of chemicals is specifically disclosed as being suitable for a certain process, the mere general reference to the group as a whole in the specification is not sufficient upon which to base a claim to the entire group. As was pointed out in the brief of the Solicitor, the basis for rejecting claims in chemical cases as being unduly broad is the unpredictability of chemical reactions. For instance, the fact that in such cases one acid will effect a given result is no indication that all other acids will do so. Before an applicant is entitled to a group in chemical cases involving compounds which differ radically in their properties, as we said in Re Dreshfield, 110 F.2d 235, 240, 27 C.C.P.A., Patents, 1013, "it must appear in an applicant's specification 'either by the enumeration of a sufficient number of the members of a group or by other appropriate language, that "the chemicals or chemical combinations"' included in the claims are capable of accomplishing the desired result." In the instant case the general reference to the group as a whole, after setting out only two of its members, does not constitute the "other appropriate language" contemplated in that decision. See also Matheson v. Campbell, 2 Cir., 78 F. 910, 1897 C.D. 390; In re Macallum et al., 102 F.2d 614, 26 C.C.P.A., Patents, 1026. Ac-

cordingly we hold that claims 69, 72, 75 and 80 were properly rejected.

■ Claim 84 in our opinion should not have been rejected. It subjects an unsaturated secondary polycyclic alcohol of the cyclopentano-polyhydrophenanthrene series to the action of the stated organic compound in the presence of "a tertiary alcoholate selected from a class consisting of the aluminum and chloro-magnesium alcoholates, * * *." Clearly the limitations of that claim are set out in the specification and a mere reading of the claim is sufficient in the light of the specification to confine the catalyst to an alcoholate selected from a class consisting of the tertiary aluminum and chloro-magnesium alcoholates. Therefore the decision of the board insofar as it rejected claim 84 is reversed.

For the reasons hereinbefore stated the decision of the Board of Appeals is affirmed as to claims 64, 66, 68, 69, 72, 75, 78 and 80 and reversed as to claim 84.

Modified.