COHEN et al. v. SPARROW.

SAME v. GILLE.

Patent Appeals Nos. 4927, 4928.

Court of Customs and Patent Appeals.

Dec. 11, 1944.

Theodore W. Miller, of Chicago, Ill., for appellants.

C. B. Spangenberg, of Philadelphia, Pa., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

These are appeals in interference proceedings from decisions of the Board of Interference Examiners awarding priority of invention of the subject matter of the counts in Appeal No. 4927 to Sparrow, the senior party, and in Appeal No. 4928 to Gille, the senior party.

Both appeals relate generally to the same subject matter. The attorneys for the parties in each case are the same, and the appeals were argued together. Therefore they will be disposed of in a single opinion.

The invention of both interferences pertains to an automatic burner control system. Further description is unnecessary for the reason that the only questions involved here are those of law.

Both of the interferences involve an application of appellants, Serial No. 274,904, filed May 22, 1939. Appeal No. 4927 involves the patent to Sparrow, No. 2,245,730, granted June 17, 1941 on application Serial No. 142,115, filed May 12, 1937, and Appeal No. 4928 involves the patent to Gille, No. 2,231,420, granted February 11, 1941 on an application, Serial No. 232,607, filed September 30, 1938.

In each of the interferences appellants copied claims from the respective patents. No testimony was taken by any of the parties.

### Appeal No. 4927.

The interference was declared on April 15, 1942, and statements were required to be filed on or before May 18, 1942, which date was extended to June 15, 1942. No preliminary statement was filed by the joint inventors, but on June 15, 1942, Cohen, one of the joint applicants, filed what is entitled an Amended Preliminary Statement. In such statement he deposed and said that he was a party to the interference and that he alone made the invention set forth therein.

On July 20, 1942, more than one year after the Sparrow patent issued (June 17, 1941), Cohen filed his sole application as an alleged division of the joint application. In his application Cohen alleged that he was the sole inventor of the claims which are the counts herein.

On July 23, 1942, an order to show cause issued, in which it is stated that the joint inventors requested leave to withdraw their application and substitute that of Cohen. The Examiner of Interferences stated that the application of Cohen was not identical with the joint application and therefore it was desirable that the question of substitution be considered inter partes before the substitution was made, and accordingly the joint inventors were advised to bring a motion to substitute under Rule 109 during the motion period, which was set to expire August 24, 1942. Cohen would then be given an opportunity to file a new preliminary statement if his application were substituted.

It was held by the Examiner of Interferences that, since no joint statement was filed on behalf of the joint inventors, they were restricted to their record date, which being subsequent to the filing date of Sparrow, notice was given that judgment on the record would be entered against them unless they should on or before August 24, 1942 show good and sufficient cause why such action should not be taken.

On August 24, 1942, the attorney for the joint inventors, who also described himself as attorney for Cohen, moved the substitution of the sole application for the joint application. It is stated in the motion that it had been found the invention involved in the specific claims of the interference was conceived by Cohen alone.

On February 13, 1943, the Primary Examiner denied the motion, stating that Cohen had not proved himself to be the sole inventor. This holding was based on the stated reason that nowhere had the joint applicants Longini and Ostermann made any disclaimer and that the sole applica-

tion contained no statement other than the oath of Cohen that he was the sole inventor. The Primary Examiner pointed out that the latter oath is contrary to that filed by the party Cohen in the joint application, and further stated that it was well-settled that an attorney cannot make a disclaimer of that nature for his client, "hence the mere statement by the attorney that Longini and Ostermann were not the inventors of the subject matter is insufficient."

On March 9, 1943, the Board of Interference Examiners, pointing out that the Primary Examiner had denied the motion to substitute, renewed the proceedings in the interference and gave judgment on the record against the joint applicants, awarding priority of invention of the subject matter in issue to Sparrow, the senior party. From that decision appeal was taken to this Court.

Prior to the arguments appellee filed a motion to dismiss the appeal. The motion was denied with the privilege to renew it at the time of the arguments, and it was so renewed and is before us. Appellee states in his brief:

"While the errors complained of are specified as those alleged to have been committed by the Board of Interference Examiners in awarding priority to Sparrow and not reversing the decision of the Primary Examiner, they are in substance directed to that interlocutory decision of the Primary Examiner which denied the Motion under Rule 109 to substitute the sole Cohen application for the joint Cohen, Longini and Ostermann application in the instant-interference."

In the notice of appeal the joint applicants and Cohen individually are named as appellants and the reasons of appeal are as follows:

"(1) The Board of Interference Examiners erred in awarding priority to Sparrow without declaring an interference between, or causing an interference to be declared between, the sole application of Theodore A. Cohen, Ser. No. 451,651, filed July 20, 1942, and the U. S. patent No. 2245730 of June 17, 1941 to Sparrow, pursuant to the motion of appellants to substitute said sole application for the joint application of Cohen, Longini and Ostermann in the interference.

"(2) The Board of Interference Examiners erred in so awarding priority by, ipso facto, concurring in the decision of the Primary Examiner denying said motion to substitute and thereby holding, as did said examiner, that it was incumbent upon the party Cohen, Longini and Ostermann and the party Cohen to prove, in the presentation of their and his motion, or at the hearing thereof, that the latter was the sole inventor of the subject matter, which holding precluded the party Cohen from having the opportunity of proving himself to be the sole inventor by testimony and evidence in connection with proving up his case in any interference which might be declared between Sparrow and the sole application of Cohen.

"(3) The Board of Interference Examiners erred in not causing to be allowed the motion to substitute the sole application as an amendment to the joint application as a matter of course and in not disregarding the erroneous decision of the Primary Examiner denying said motion, which decision required individually signed and sworn disclaimers by the parties Longini and Ostermann as a prerequisite to the allowance of said motion and said Board erred in not requiring said examiner to allow said motion.

"(4) The Board of Interference Examiners erred in following the decision of the Primary Examiner in erroneously holding, first, that the party Cohen has not proven (without giving him a chance to prove by the taking of testimony and other evidence rather than by disclaimer) that he is the sole inventor, second, that the attorney for all three joint inventors cannot disclaim for two of them and, third, that therefore the sole application of the party Cohen is not entitled to the filing date of the joint application and the Sparrow patent is a statutory bar to the sole application.

■ The function of this Court is to "revise the decision appealed from in a summary way, * * * and the revision shall be confined to the points set forth in the reasons of appeal." Sec. 4914, R.S., U.S.C. title 35, sec. 62, 35 U.S.C.A. § 62. If the reasons of appeal are of such a character that it is impossible to revise the decision appealed from we may and should disregard such reasons and dismiss the appeal. No citation of authority is necessary to support the proposition that this Court has the power to so dismiss an appeal.

■■ From an examination of the reasons of appeal it will be noted that counsel for appellants would have us direct

the Board of Interference Examiners to act contrary to their authority and contrary to the law. The Board of Interference Examiners consists of three Examiners of Interferences directed by the commissioner to proceed to determine the question of priority of invention whenever an application is made for a patent which in the opinion of the commissioner would interfere with any pending application or any unexpired patent. Sec. 4904, R.S., U.S.C., title 35, sec. 52, 35 U.S.C.A. § 52. Therefore the Board of Interference Examiners is the only tribunal of the Patent Office before which is tried the issue of priority.

The Primary Examiner retains jurisdiction of a case until the declaration of interference is made. Rule 100, 35 U.S. C.A.Appendix. When motions are made under Rules 109 and 122 they are determined by the Primary Examiner. Such determination is exclusively within the authority of the Primary Examiner and cannot be reviewed by the Board of Interference Examiners except as provided in the last sentence of Rule 122 and in Rule 130.

Counsel for appellants under his reasons of appeal would have us direct the Board of Interference Examiners to do that which is exclusively within the authority of the Primary Examiner. This we cannot do.

Since we hold that none of the reasons of appeal invokes the jurisdiction of this Court, it follows that the motion to dismiss must be granted, and it is not necessary to discuss the other questions raised in the briefs of any of the parties. The appeal accordingly will be dismissed.

### Appeal No. 4928.

The record in this case is identical in all respects with the record in Appeal No. 4927, with the single exception that the appellee is a different party. For the reasons given for dismissing Appeal No. 4927, the appeal herein will be dismissed.

Subsequent to the filing of the record in this Court appellees filed a motion suggesting a diminution of the record by adding thereto the drawings and specification of the application as filed in the Patent Office by the joint appellants. The motion was granted subject to an order of the Court that the costs of printing the additional matter requested by appellees should be taxed on final decision.

The additional matter so certified to the Court was unnecessary to a proper decision in these cases. Accordingly the costs of printing the same will be taxed against appellees.

Appeals Nos. 4927 and 4928 are dismissed.

Dismissed.