### Application of ROGOFF.
### Misc. No. 113.

United States District Court
M. D. Pennsylvania.
Dec. 14, 1950.

Rehearing Denied Feb. 13, 1951.
See 95 F.Supp. 467.

George M. Szabad and Blum & Jolles, all of New York City, Hugh J. McMenamin, and O'Malley, Harris, Harris & Warren, all of Scranton, Pa., for petitioner.

Marshall M. Holcombe and Curtis, Morris & Safford, all of New York City, George H. Hafer, Hull, Leiby & Metzger, all of Harrisburg, Pa., for defendant.

WATSON, Chief Judge.

The application came to be heard on motion of petitioner for an order compelling respondents, William S. Watts and Franklin H. Wells to answer certain questions propounded to them in depositions being taken in Interference No. 83,667, now pending in the United States Patent Office.

The interference proceeding was initiated by the United States Patent Office to determine whether William S. Watts,

one of the respondents, or Julian Rogoff, petitioner herein, is the first inventor of an invention concerning an electrical connector, both being rival claimants seeking a valid patent on the same invention. The junior party, Julian Rogoff, is under a duty to present evidence, in the form of depositions, to establish when he made the invention.

Julian Rogoff presented certain questions to William S. Watts and his associate Franklin H. Wells on August 21, 1950, before a Notary Public for the District, but the respondents declined to answer the questions set out in the motion. Rogoff then made application to this Court, under 35 U.S.C.A. § 56, for an order compelling answers.

■ An examination of the basic statutory authority upon which the Interference Proceedings are being conducted in the Patent Office, 35 U.S.C.A. § 52,[1] and of the Rules of Practice of the Patent Office, 1949, Rules 1.201–1.305, 35 U.S.C.A.Appendix, shows that the sole purpose of an interference proceeding is to determine priority of invention.

■ It is certainly true that William S. Watts, in order to establish his application, has the duty of showing both patentability as well as priority, but the order or method of doing this is clearly within the rule making powers of the Commissioner of Patents. Rule 1.203, Rules of Practice of U. S. Patent Office, 1949, provides that before an interference is declared it must be determined by the Patent Office that there is a common patentable subject matter in the cases of the respective parties.[2] Once the interference is declared there is left for determination therein only the question of priority. Geophysical Development Corp.

et al. v. Coe, 78 U.S.App.D.C. 39, 136 F. 2d 275, 277, certiorari denied 320 U.S. 760, 64 S.Ct. 68, 88 L.Ed. 453. The United States Court of Appeals for the District of Columbia in this case refused to permit the filing of interrogatories and the taking of testimony in an interference proceeding on a question other than that of priority of invention; namely, the validity and claims of bad faith on the part of one of the applicants with respect to his application. The Court therein stated: "We cannot emphasize too strongly that, in our opinion, the statutes relating to interferences only provide that they shall be instituted for the sole purpose of determining priority of invention * * *."

In the case of Katzman v. Georgiev, D.C., 15 F.Supp. 769, Judge Patterson of the U. S. District Court for the Southern District of New York, in denying a petition to compel answers to questions designed to elicit whether beneficial ownership of an application was the same as record ownership, stated that an interference proceeding is initiated by the Commissioner of Patents "to determine priority of invention among several applications for patent. In fact, the sole issue is priority of invention * * *."

■ Accordingly, both on statutory and decisional authority, it is clear that the sole issue in interference proceedings is priority of invention, and witnesses are justified in refusing to answer questions not directed to such issue.

It is readily apparent that the questions which petitioner seeks to have answered do not directly relate to priority of invention. This not only clearly appears from the questions themselves, but also by admission

---

1. 35 U.S.C.A. § 52: "Interferences; determination of priority; issue of patent. Whenever an application is made for a patent which, in the opinion of the Commissioner, would interfere with any pending application, or with any unexpired patent, he shall give notice thereof to the applicants, or applicant and patentee, as the case may be, and shall direct a board of three examiners of interferences to proceed to determine the question of priority of invention. And the

Commissioner may issue a patent to the party who is adjudged the prior inventor."

2. Rule 1.203, Rules of Practice of U. S. Patent Office, 1949: "Before the declaration of interference, it must be determined that there is common patentable subject matter in the cases of the respective parties, patentable to each of the respective parties, subject to the determination of the question of priority."

of counsel for petitioner in his Memorandum, wherein he states the following:

"The purpose of the questions, which are largely preliminary, is to obtain identification of material used by Watts in making his invention so as to enable Rogoff to prove that this material does not yield the results claimed * * *."

"All he is seeking is to identify the material * * * and have that material properly tested to see if it meets the standards involved in this interference proceeding".

The question in interference proceedings is which of the contestants was the prior inventor. The question of the invention is not involved and is in fact conceded. Each party contends for the prize of being declared the first inventor. Dooley Improvements, Inc., v. Motor Improvements, Inc., D.C.Del.1937, 18 F.Supp. 340, appeal dismissed, 3 Cir., 104 F.2d 1013. Priority of invention being a question of the relation of the dates of the invention by the respective parties, it is difficult to see how any testing of the materials used by Watts in making his invention could prove that Rogoff completed his invention at a date prior to the filing of the Watts application.

■ The petitioner contends that the question of whether or not Watts' specification discloses a basis for supporting the interference count is ancillary to the question of priority of invention. Even if the petitioner is correct in his contention, it is, nevertheless, well settled law that the Patent Office will not receive testimony for the purpose of explaining the disclosure of a pending application except in very exceptional cases. Application of Oppenauer, 1944, 143 F.2d 974, 31 C.C.P.A. Patents, 1248. Counsel for petitioner has not cited, nor has this Court been able to locate one case where the Patent Office or an Appellate body having jurisdiction over the matter has received testimony to explain the disclosure of a pending application, as the petitioner attempts to have done here.

■ The question of whether or not Watts "makes the count" must be decided by the Patent Office on the basis of the specification alone. In Cooper v. Downing, 1916, C.D. 227; Id., 45 App.D.C. 345, 348 (1910) the Court stated: "The Commissioner of Patents properly refused to hear evidence as to what was intended by Downing's original application and disclosure, holding that it is the duty of the tribunals of the Patent Office, composed by men presumed to be sufficiently expert in understanding technical terms and the state of the art, to determine for themselves what an application discloses."

It is not believed a wise or safe proceeding to permit others outside of the Patent Office to explain, by way of testimony or deposition whether an application comes within the provisions of the statute as to clearness of disclosure. Henderson v. Tanner & Thompson, 1926, C.D. 37 (Comm. 1925). In fact, the Patent Office has gone so far as to even refuse to consider an admission by an inventor himself that his application did not disclose one of the elements called for in the claim at issue in an interference proceeding. In Fishburn v. Vincent, 1937, 88 F.2d 711, 713, 24 C.C.P.A., Patents, 1079, the Court of Customs and Patent Appeals, on an appeal in an interference proceeding from the decision of the Board of Appeals of the United States stated: "If Vincent's statement, quoted above, was the only evidence as to disclosure of his application, this contention on the part of Fishburn et al., might carry some weight, but the application is a Patent Office record and the office is the sole judge as to what is disclosed therein. It is well settled that testimony to explain the disclosure of pending applications is inadmissible. Cooper v. Downing, 1916, C. D. [3] 4. And no reason is seen for making an exception in this case. The counts are either supported by the Vincent application or they are not, and nothing that Vincent or anyone else can say will alter that fact."

■ It follows that the respondents were justified in refusing to answer questions designed to elicit information as to whether or not Watts' specification discloses a basis for supporting the interference count.

For the compelling reasons set forth, this Court cannot grant the order prayed for.

An appropriate order will be filed denying petitioner's motion.