39 C.C.P.A.(Patents)

### SCINTA et al. v. ANDERSON.

Patent Appeal No. 5821.

United States Court of Customs and Patent Appeals.

Argued Nov. 9, 1951.

Decided Dec. 18, 1951.

Rehearing Denied Feb. 18, 1952.

Edwin T. Bean and Conrad Christel, Buffalo, N. Y. (Bean, Brooks, Buckley & Bean, Buffalo, N. Y., of counsel), for appellants.

Davis, Lindsey, Hibben & Noyes, Harry W. Lindsey, Jr., all of Chicago, Ill., Bacon & Thomas, Francis D. Thomas, Harry W. F. Glemser, Washington, D. C., Charles S. Penfold, Fort Wayne, Ind., and William Wallace Cochran, Washington, D. C., for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Associate Judges.

WORLEY, Judge.

This is an appeal in an interference proceeding from a decision of the Board of Interference Examiners awarding priority of invention of the subject matter of the single count to appellee.

The application of appellants, Serial No. 736,492, for "Windshield Cleaner" was filed March 22, 1947. The application of appellee with the same title, Serial No. 634,730, was filed December 13, 1945. In response to a request by the Primary Examiner for a more specific title, appellee changed his title to "Windshield Wiper Blade Linkage Assembly." Appellants, being the junior party, have the burden of establishing priority of invention by a preponderance of evidence. Testimony was taken on behalf of appellants. Appellee took no testimony. Both parties filed briefs and were represented at the final hearing.

The involved subject matter relates to windshield cleaners or wipers particularly adapted for the wiping of curved and flat surfaces, as may be readily ascertained by a reading of the count which is a claim drawn by the Primary Examiner who suggested it for adoption by both parties and which reads as follows: "A wiper for cleaning a curved surface, comprising an elongated blade flexible for conforming to the surface curvature, the blade having an elongated flexible backing strip, a primary yoke extending lengthwise of the strip and having an arm attaching portion, and secondary yokes, one secondary yoke connected intermediate its ends to an end of the primary yoke and having its opposite ends connected to the backing strip at longitudinally spaced points, and another secondary yoke connected intermediate its ends to the opposite end of the primary yoke and having its opposite ends connected to the backing strip at longitudinally spaced points."

The motion period closed on January 8, 1949, but on February 25, 1949, the assignee of appellants, the Trico Products Corporation, filed a motion requesting an addition to the interference of the sole application of Scinta, Serial No. 636,548, dated December 22, 1945. Accompanying that motion was an affidavit by counsel for the purpose of excusing delay in filing. The motion was set for hearing before the Primary Examiner as one to substitute the sole application for the joint application of appellants. The motion was denied and a petition for reconsideration filed but the Primary Examiner adhered to his original ruling. Counsel for appellants then filed a petition directed to the Commissioner of Patents invoking his supervisory authority and requesting a review of the decision of the Primary Examiner. In his decision denying the petition the commissioner noted that the decision of the Primary Examiner denying the motion was for the reason that the involved count cannot be read upon the sole application. The commissioner further stated: "The supervisory authority of the Commissioner properly is invoked only to correct a clear and palpable error or to prevent a gross miscarriage of justice. Petitioner has not so much as pointed out wherein any of the foregoing rulings of the Primary Examiner are erroneous, nor so much as indicated wherein

they show any abuse of discretion on his part."

In their brief at final hearing, counsel for appellants urged that the sole application should be substituted for the joint application. The board held that upon the facts herein it was without jurisdiction to make such substitution. In support of that holding, the board cited the case of Cohen et al. v. Sparrow, 32 C.C.P.A., Patents, 809, 146 F.2d 284, and quoted extensively from the opinion in that case. It also called attention to the following cases: Josserand v. Taylor, Jr., 31 C.C.P.A., Patents, 709, 138 F.2d 58; Boileau v. Godfrey, 31 C.C.P.A., Patents, 723, 138 F.2d 67; and Smith v. Hayward, 37 C.C.P.A., Patents, 718, 176 F.2d 914. The board distinguished the two cases cited by appellants in their reply brief, Briggs v. Kaisling, 53 App.D.C. 49, 288 F. 254 and Crane v. Grier and Warren, 21 C.C.P.A., Patents, 1163, 71 F.2d 180, holding the doctrine of those two cases not applicable here.

■ It will be observed by a reading of the decision in the Cohen case, supra [146 F.2d 287], that this court succinctly outlined the jurisdiction of the Primary Examiner, the Board of Interference Examiners and this court in the following language:

"The Primary Examiner retains jurisdiction of a case until the declaration of interference is made. Rule 100, 35 U.S.C. A.Appendix. When motions are made under Rules 109 and 122 they are determined by the Primary Examiner. Such determination is exclusively within the authority of the Primary Examiner and cannot be reviewed by the Board of Interference Examiners except as provided in the last sentence of Rule 122 and in Rule 130.

"Counsel for appellants under his reasons of appeal would have us direct the Board of Interference Examiners to do that which is exclusively within the authority of the Primary Examiner. This we cannot do."

We find no error in the decision of the board holding it was without jurisdiction to substitute the earlier Scinta sole application for the joint application.

Near the close of the motion period, counsel for appellants moved to dissolve the interference. The motion appears to have been directed to alleged unpatentability of the count over the prior art and also to the contention that the disclosure of appellee does not meet the limitations of the count. The Primary Examiner denied the motion and also a petition for reconsideration thereof. Before the board it was again contended by counsel for appellants that appellee cannot make the count.

In support of the second ground for dissolution, counsel for appellants took the testimony of a qualified and disinterested expert as to whether or not appellee could make the count. Objection was made to such testimony by counsel for appellee on the ground that it was improper in an interference proceeding. Counsel further made specific objection to particular portions of the testimony.

In support of their position as to the propriety of taking testimony with respect to the allegation that appellee could not make the count, counsel for appellants cited the cases of Gordon v. Wentworth, 1907 C.D. 295; Robins v. Wettlaufer, 23 C.C.P.A., Patents, 952, 81 F.2d 882; and James v. Clayton, Kerrick and Stadt, 24 C.C.P.A., Patents, 1329, 90 F.2d 337.

Counsel for appellee, in their brief, cited cases where permission to take expert testimony was refused. The board cited the case of Armstrong v. Levy, 58 App.D.C. 293, 29 F.2d 953, wherein it was held that the decision of the commissioner, refusing such permission, was without error. The Court of Appeals in that case cited the decision in the case of Cooper v. Downing, 45 App.D.C. 345, in which it was stated: "The Commissioner of Patents properly refused to hear evidence as to what was intended by Downing's original application and disclosure, holding that it is the duty of the tribunals of the Patent Office, composed of men presumed to be sufficiently expert in understanding technical terms and the state of the art, to determine for themselves what an application discloses. * * *"

The board pointed out in its decision that in the case of Fishburn and Robbins v.

Vincent, 24 C.C.P.A., Patents, 1079, 88 F.2d 711, that this court quoted with approval the exact words of the commissioner in the Cooper case, supra, and also that a full statement of the position of the Patent Office in this respect is found in Shultz v. Dunham, 1930 C.D. 11, 401 O.G. 719. It also noted that the subject is considered in Volume III of Interference Law and Practice by Rivise and Caesar in Section 396, "Rule Against Opinion Evidence" and 397, "Expert Testimony." The board quoted from that authority as follows: "It is well settled that expert testimony is not admissible to explain or interpret the counts in issue." The board noted that no formal motion under Rule 243 had been filed and it did not formally strike the disputed disposition but, in view of the objections thereto, observed that the weight to be given it should be governed by the cited cases which have been referred to herein. The board then stated as follows: " * * An application itself is clearly the primary or 'best' evidence of what it discloses and it is well settled that the interpretation of the legal character of the count cannot be delegated to an expert employed by a party (Ricketts v. Ambruster and Beck, 143 O.G. 276, 1909 C.D. 109. So far as the statement of counsel may be considered a motion, it is granted to this extent."

In view of the record, it is our opinion that the only issue for determination here is whether the disclosure in the application of appellee as filed supports the single count.

It is contended by counsel for appellants that the limitation "an elongated flexible backing strip" is absent from the disclosure of appellee. The structure defined by that limitation is disclosed in the application of appellee and designated therein by "the holder" comprising two thin metallic strips which are rigidly connected by means of clips in order to form a single unit. The board quoted with approval from the brief of counsel for appellee the following statement: "The two strips 15 of Anderson are *'permanently secured together in spaced apart parallel relation'* at four points by the narrow clips 18, 19, 20 and 21 (Specification p. 5, l. 21). This structure is thus a single permanent unit or element, the same as if it had been made out of a single continuous integral piece of metal or two pieces welded together. There is nothing in the count limiting the 'strip' to a single piece, rather than to several pieces permanently connected together to form a strip and serving exactly the same function." (Italics quoted.)

A careful examination of the exhibits and the disclosure in the application of appellee convinces us that the position of the board with respect to the backing strip is without error.

It is also clear to us from an examination of the structure of appellee that the ends of his secondary yokes are connected to the backing strip and the only way in which we could agree with the contention of counsel for appellants that that limitation was disregarded would be to hold that there is no elongated flexible backing strip in the Anderson structure.

For the reasons hereinbefore set out, the decision of the board is affirmed.

Affirmed.