50 CCPA

**Application of John F. DOWDALL and John M. Case.**

**Patent Appeal No. 6933.**

United States Court of Customs and Patent Appeals.

April 25, 1963.

Harold J. Kinney, Stanley G. DeLaHunt, St. Paul, Minn. (Carpenter, Abbott, Coulter & Kinney, St. Paul, Minn., of counsel), for appellants.

Clarence W. Moore, Washington, D. C. (Jack E. Armore, Washington, D. C., of counsel), for Comr. of Patents.

Before RICH, Acting Chief Judge, and MARTIN, SMITH and ALMOND, Associate Judges.

MARTIN, Judge.

This appeal is from a decision of the Patent Office Board of Appeals affirming the examiner's rejection of claim 19 of application Serial No. 523,951 filed July 25, 1955 for "Planographic Printing Plate." Claim 19 reads:

"19. A presensitized, dimensionally stable plate suitable for lithographic printing and related uses, and capable of being shipped in light-proof packages, stored and then used weeks or months after manufacture, comprising a thin sheet of metal having on at least one surface thereof a firmly bonded extremely thin water-insoluble protective image-retaining layer formed by treating said metal surface with a solution of a water-soluble polyacid organic polymer capable of being formed into a self-sustaining film and containing repeating acid units, said layer being the result of interaction between said metal sheet and said organic polymer and being substantially free of water-soluble excess of said polymer, and coated over and directly in contact with said layer a thin coating of a water-soluble light-sensitive diazo resin sensitizer."

Five claims have been allowed by the examiner.

The invention relates to a presensitized planographic printing plate in which a light-sensitive diazo resin is indirectly bonded to the surface of a dimensionally stable metal plate, e. g. an aluminum plate, by means of a thin intervening film of a reaction product of the metal surface and a water-soluble film-forming organic polyacid polymer containing re-

peating acid units. The organic film-forming polyacid polymer provides a surface which effectively inhibits degradation of the diazo resin coating, and to which the exposed insolubilized diazo resin will lastingly adhere.

The examiner and the board held claim 19 to be too broad in the term "water-soluble polyacid organic polymer" and thus unpatentable. The statutory basis for this holding is found in 35 U.S.C. § 112 which requires the inventor to particularly point out and distinctly claim the subject matter which he regards as his invention.

As we understand the board's position,[1] the issue is whether the recitation of the polyacid organic polymer[2] in the appealed claims as "a water-soluble polyacid organic polymer * * * containing repeating acid units" is too broad for the reason that the written description does not support the use of "acid"[3] in the term "acid units" without further limitation.

The record[4] indicates that appellants employ the term "acid units" in a conventional sense, i. e. a group in an acid[5] which dissociates or breaks down to produce hydrogen ions when dissolved in an appropriate solvent.

A careful analysis of appellants' specification convinces us that it is directed to an invention broad enough to generically embrace any conventional acid unit covered by the appealed claim. The specification states:

"The present invention * * * is particularly concerned with presensitized planographic printing plates in which the light-sensitive diazo resin [is] * * * protected * * by means of a thin intervening film of a reaction product of the metal surface and a *water-soluble film-forming organic polyacid polymer.* * * *

*       *       *       *       *       *

"No one, prior to the present invention, ever visualized that aluminum or other metal plates could be used to receive a coating of a light-sensitive diazo resin, or the like, by the simple expedient of first briefly treating the metal surface with a dilute aqueous *solution of an organic polymeric film-forming polyacid,* which then provides a surface which effectively inhibits degradation of the diazo resin coating, and to which the exposed insolubilized diazo resin will lastingly adhere." [Emphasis ours.]

Appellants in their specification disclose that the organic polyacid polymers employed in their invention are water-

1. The examiner has allowed a claim in the present application that is substantially identical to the appealed claim except that the repeating acid units in the polyacid organic polymer are characterized as being "selected from the group consisting of carboxylic and sulfonic acid units."

2. Polymer is defined as "A substance (often synthetic) composed of giant molecules that have been formed by the union of a considerable number of simple molecules with one another." (The Condensed Chemical Dictionary, Fifth Ed., (1956).)

3. In oral argument, the solicitor called the court's attention to such acid units as phosphonic, phosphoramidic, thio, dithio, borinic, among others, which appellants have not set forth in their application.

4. Claim 19 had been rejected by the examiner as indefinite in the term "water-soluble polyacid organic polymer," the examiner taking the position that the term "acid" would encompass, among others, alcohols or phenols having acidic character. The board, however, reversed the examiner and did not think such groups as the phenolic hydroxy group among others would fall within the usual and accepted meaning for the term "acid." It considered appellants' use of the term "acid" to be restricted to the commonly accepted definitions for the meaning of the term "acid."

5. "Acid" is defined as "Any compound of hydrogen and one or more other elements that dissociates or breaks down to produce hydrogen ions when dissolved in water (or certain other solvents)." (The Condensed Chemical Dictionary. Fifth Ed. (1956).)

soluble, that they contain many acid groups in their molecular chains and that those polymers which contain very few acid groups in the chains, such as condensed linear polyesters, ineffectively react with metals such as aluminum plate. Appellants, however, point out that, insofar as they are aware, those condensed linear polyesters, besides having very few acid groups, are additionally unsuitable since they are not water-soluble.[6] The board has stated that the term "water-soluble polyacid organic polymer" as employed in the application "is restricted to the extent that it is required that it [the polyacid organic polymer] be capable of forming a self-sustaining film." Since the "acid units" are an integral part of the organic polymer, it seems to us that the water-solubility characteristic of the polymer, and its capability of forming a self-sustaining film referred to by the board, both of which properties in substance are included in the appealed claim and which are well known characteristics of certain polyacid organic polymers, would serve to additionally define the acid units of the polyacid organic polymer in a scope commensurate with the teachings of appellants' written description.

For specific support, appellants disclose working examples employing polymers containing a repeating carboxylic acid unit.[7] Appellants also disclose that polymers containing sulfonic acid units which units are distinct from the carboxylic acid unit can be used.

■ Therefore, viewed in light of appellants' generic and specific disclosure, appellants' conventional use of the term "acid units" and the limiting language with which that term is used in appellants' claim, it seems to us that one skilled in the art would be taught by the specification that all the "acid units" within the appealed claim would be suitable for the purposes of appellants' invention.

■ The solicitor in urging affirmance of the examiner's rejection calls our attention to this court's language in In re Application of Oppenauer, 143 F.2d 974, 31 CCPA 1248, wherein this court stated:

"the basis for rejecting claims in chemical cases as being unduly broad is the unpredictability of chemical reactions."

We agree that there is an element of unpredictability in many chemical reactions. However in the specific factual situation before us, we think that the term "acid units" as employed in the appealed claim is adequately supported by the specification and together with the modifying language properly limits claim 19 to the novel subject matter described in appellants' specification.

For the foregoing reasons, we reverse the decision of the board.

Reversed.

---

6. The examiner has stated that "the acid group is at the core of the issue." It seems to us that "the acid group" is not the sole controlling factor. It appears that water-solubility of the polyacid organic polymer, for example, is also essential and it can be controlled not only by the number of acid units attached to the molecular chain of the polyacid organic polymer but also by other substituents in that polymeric chain. Appellants teach that carboxymethyl cellulose and carboxymethylhydroxyethyl cellulose which contain "sufficient ether groups to render the polymer soluble," provide suitable organic polyacid polymers for their invention.

7. "Organic Chemistry" by Fieser & Fieser, Second Edition, p. 40 (1950), teaches that "*Typical* organic acids contain the combination known as the carboxyl group $-C\begin{smallmatrix} \\ \diagup\diagup O \\ \diagdown OH \end{smallmatrix}$ as a functional group responsible for the acidity." [Emphasis ours.]