## LIP LURE, Inc., v. BLOOMINGDALE BROS., Inc., et al.

District Court, S. D. New York.

May 4, 1939.

Howard S. Neiman, of New York City, for plaintiff.

Pennie, Davis, Marvin & Edmonds, of New York City, for defendants.

CONGER, District Judge.

The plaintiff, by this motion, seeks to examine, pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, the defendants, and to compel them to produce and permit inspection, etc., of documents, etc., regarding: "5. The maintenance of the defense of this suit by the manufacturer of said Princess Pat Cosmetics". Neither Princess Pat Cosmetics nor Princess Pat Ltd. is a party to this action.

The plaintiff's contention is that this inspection is sought to ascertain the facts and to find out whether or not the activities of Princess Pat Ltd., in defending this suit, are of a sufficient degree that the judgment of this Court will be binding against it, and if the judgment is binding against Princess Pat Ltd. the plaintiff will have the right to invoke in a subsequent suit between it and Princess Pat Ltd. the doctrine of estoppel as res adjudicata, to the end that the judgment in this action is binding against Princess Pat Ltd.

I cannot agree with the plaintiff that this is an issue involved in this action. There is no question but that no judgment can be entered against Princess Pat Ltd. in this action, even though they defend herein, but the fact that they do defend will be relevant in a future action, if judgment is rendered herein in favor of the plaintiff.

Rule 34 of the Federal Rules of Civil Procedure has to do with discovery and production of documents, etc., "not privileged, which constitute or contain evidence material to any matter involved in the action * * *". Certainly, the fact as to whether or not Princess Pat Ltd. is defending this action is not material or necessary in this action, or to put it in the language of the Rule, "matter involved in the action".

Undoubtedly, there will come a time when the plaintiff herein will be entitled to this information. If there should be a judgment for the plaintiff herein and if, in the trial of this action, the defense should be taken over by Princess Pat. Ltd., I assume that that will be the basis for another action between this plaintiff and Princess Pat Ltd., and that in that action there may be set up the prior adjudi-

cation of this action in estoppel as **res** adjudicata against the Princess Pat Ltd.

In the said subsequent action, Princess Pat Ltd. and its officers may be examined as parties, and the present defendants herein, as witnesses, may be examined, for the purpose of obtaining information to sustain such contention.

I agree with the defendant herein that in this action, this information may not be obtained pursuant to Rule 34 of the Federal Rules of Civil Procedure, and that the information asked for herein is not relevant to the present action, but undoubtedly very relevant in a subsequent action against Princess Pat Ltd., should the plaintiff succeed here. Motion denied. Submit order on notice.