**PROSPERITY CO., Inc., v. ST. JOE MA-CHINES, Inc., et al.**

Civil Action No. 150.

District Court, W. D. Michigan, S. D.

Feb. 4, 1942.

Bohleber, Fassett & Montstream, of New York City, and Knappen, Uhl, Bryant & Snow, of Grand Rapids, Mich., for plaintiff.

Carlos G. Stratton, of Huntington Park, Cal., and Rice & Rice, of Grand Rapids, Mich., for defendants.

RAYMOND, District Judge.

This case is before the court upon two motions by plaintiff and four by defendants.

Plaintiff's first motion is for an order to compel defendants to answer questions propounded to certain witnesses upon the taking of depositions, which questions the witnesses refused to answer on advice of counsel for defendants. The witnesses were officers or employees of defendants. The questions were obviously directed to the purpose of learning who if anyone aside from the named defendants is financing or directing the defense. Aside from the matter of privilege, the only restriction placed upon evidence which may be obtained upon discovery examinations is that it must be relevant to the issues in the pending case. Careful consideration of the case of Lip Lure, Inc., v. Bloomingdale Bros., D.C., 27 F.Supp. 811, and of the reasoning upon which it is based convinces the court that it is controlling here. The case of Doherty Research Co. v. Universal Oil Products Co., 7 Cir., 107 F.2d 548, does not hold to the contrary. An order will therefore be entered denying the motion.

Plaintiff's second motion seeks an order on defendants for production of certain drawings of pressing machines and to permit plaintiff to inspect one machine of a certain model and to make drawings and photographs thereof. No substantial objection was urged by defendants at the oral argument upon this motion, and an order requiring such production and permission upon demand therefor may be submitted for signature.

Defendants' first motion for leave to amend answer by alleging that plaintiff is

guilty of misconduct in mismarking machines was disposed of upon oral argument and an order of denial has been entered.

Defendants' motion for leave to amend answer by alleging additional patents in defense is granted in conformity with the motion, and an order will be entered accordingly.

Defendants' motion for order to compel answer by plaintiff to certain interrogatories heretofore propounded, numbered 1 to 5, inclusive, and 15 to 19, inclusive, will be disposed of as follows: Upon interrogatories 1 to 5, inclusive, and 16, an order will be entered denying the motion, for the reason that it is the view of the court that the questions propounded in these interrogatories really ask for the construction of claims, whereas interrogatories should be designed to elicit facts. An order will be entered requiring plaintiff's answer to interrogatories 15, 18 and 19, said interrogatories to be answered on or before twenty days from this date. An order will be entered requiring plaintiff to answer interrogatory No. 17 on or before twenty days from this date, defendants within the same time to furnish the names and dates of all prior art references, including prior publications, prior uses and other anticipations upon which they will rely at the trial of this action by way of defense, the order further to provide that plaintiff's answers and defendants' corresponding particulars shall be sealed and deposited with the clerk of the court, and to be opened only upon the order and direction of the court. See Paraffine Cos. v. Wieland, D.C., 17 F.2d 992.

Defendants' motion to produce and permit the inspection, copying and photographing of drawings and written descriptions that will be relied upon by plaintiff to carry back the date of conception or reduction to practice prior to the filing date of each of the patents in suit will be granted, the order granting same to become effective upon the order of the court following the opening of sealed documents filed in response to interrogatory No. 17, above referred to, and an order will be entered accordingly.

Defendants' objections to taking depositions of witnesses specified in paragraph 7 of notice "re depositions upon oral examination" filed September 22, 1941, are sustained, and an order will be entered protecting defendants and the witnesses specified therein from the requirements of said notice.