Theodore R. PAUL and Pittsburgh Electrical Insulation Co., Inc., a Pennsylvania corporation, Plaintiffs,

v.

Edward J. SINNOTT and Reinforced Moulding Corporation, a Pennsylvania corporation, Defendants.

Civ. A. No. 62–754.

United States District Court
W. D. Pennsylvania.

March 7, 1963.

9. United States ex rel. Marcus v. Hess, supra note 5.

George Raynovich, Jr., of Stone & Silvestri, Pittsburgh, Pa., for plaintiffs.

Henry E. Rea, Jr., of Brandt, Riester, Brandt & Malone, Pittsburgh, Pa., for defendants.

MARSH, District Judge.

In this action plaintiffs allege infringement of their patented method of producing fibrous tape. At this stage of the proceedings we are called upon to adjudicate plaintiffs' "Motion for Inspection and Photographing", pursuant to Rule 34, Fed.R.Civ.P. In their motion plaintiffs request an order requiring defendants to:

"1. Permit plaintiff, THEODORE R. PAUL, his attorneys, and experts retained by him or plaintiff, PITTSBURGH ELECTRICAL INSULATION CO., INC., to enter the premises at 8050 Saltsburg Road, Monroeville, Pennsylvania, to inspect and observe any and all apparatus located therein for manufacturing non-woven, resin treated tape material;

"2. Operate said apparatus and actually produce said non-woven, resin treated tape material in the presence of plaintiff, THEODORE R. PAUL, his attorneys, and said experts, and to allow plaintiff, THEODORE R. PAUL, or his agents to take motion pictures of said apparatus while in operation;

"3. Permit plaintiffs, or their agents, to take still photographs of said apparatus and any parts thereof;

"4. Permit plaintiffs, and their agents, attorneys and experts, to make measurements of said apparatus, and to sketch and make drawings of said apparatus;

"5. Produce, at 8050 Saltsburg Road, Monroeville, Pennsylvania, and permit plaintiffs to inspect and to copy, any and all engineering drawings, plans, and specifications for the apparatus utilized to manufacture said non-woven, resin treated, tape material; and

"6. Produce, at 8050 Saltsburg Road, Monroeville, Pennsylvania, and permit plaintiffs to inspect and to copy the ledger maintained by defendant, REINFORCED MOULDING CORPORATION, and indicating sales information relative to the sale of non-woven, resin treated tape material."

We believe that all of the requests contained in the plaintiffs' motion should be granted, except the request contained in paragraph 6.

Plaintiff Paul has filed an affidavit in support of plaintiffs' motion which sufficiently establishes the "good cause" required by Rule 34.

■ At oral argument, defendants' counsel stated that defendants opposed the motion on the ground that inspection of their process would reveal trade secrets. While it has been recognized that there is no absolute right to refuse to divulge information in the course of litigation upon the sole ground that the giving of the information will necessarily involve the disclosure of trade secrets, United States v. National Steel Corporation, 26 F.R.D. 603, 607 (S.D.Tex.1960); Cities Service Oil Co. v. Celanese Corporation, 10 F.R.D. 458, 460 (D.Del.1950); 2A Barron & Holtzoff, Federal Practice and Procedure, § 798 (1961); courts nevertheless will exercise their discretion to avoid unnecessary disclosure of such information, particularly where the action is between competitors. Moore's Federal Practice, 2d ed., vol. 4, ¶ 34.15, p. 2468.

■ In the instant case, however, no affidavit has been filed in support of counsel's oral allegation that such inspection would reveal trade secrets.[1]

1. Defendants submitted neither affidavit nor brief in opposition to plaintiffs' mo-

tion, although given 60 days from the date of oral argument in which to do so.

The other objection raised by defendants' counsel at oral argument is based on the admitted fact that plaintiffs' expert made an inspection of defendants' process in 1960 in connection with an action for misappropriation of trade secrets, which was brought and is now pending in the Court of Common Pleas of Allegheny County, Pennsylvania.

Plaintiff Paul explains in his affidavit that that inspection was not made with a view toward determining infringement of the plaintiffs' patent, which was not obtained until some 19 months after the inspection by their expert, and that it is now necessary that plaintiffs be granted the requests contained in their motion so that they may compare the steps used in defendants' method and "present proof of infringement of the specific language" of the patent which plaintiffs now hold. We believe this sufficiently answers defendants' objection on this point.

We do not feel, however, that it is necessary at this time to allow plaintiffs to inspect and copy the ledger of the defendants. If plaintiffs successfully establish infringement of their patent, they will then be entitled to an accounting as prayed for in their complaint; then would be a more appropriate time for a motion to inspect the defendants' ledger.

Although defendants have not substantiated their allegation as to the existence of trade secrets at this time, we nevertheless believe that certain precautions should be taken. Counsel for plaintiffs should prepare an appropriate order identifying by name the inspectors and photographers, and specifying the time and manner of the inspection and photographing. The order should be accompanied by assurances under oath from each inspector and photographer that none of the information obtained will be divulged except in the course of judicial proceedings.

Plaintiffs' motion will be granted with respect to paragraphs numbered 1 through 5, inclusive, of its motion and will be denied with respect to paragraph numbered 6.