## ISOM v. DUBBS.

Court of Appeals of District of Columbia.

Submitted November 16, 1927. Decided February 6, 1928.

No. 1960.

1. Patents ⟢106(2)—Operativeness of structure disclosed in application cannot be challenged in interference proceeding, in absence of motion challenging such operativeness.

In interference proceeding, one party *held* not in position to challenge operativeness of structure disclosed in application by the other, in absence of motion under rules 122 and 130 of Patent Office challenging such operativeness, where alleged infirmity was appreciated and discussed before any testimony was taken.

2. Patents ⟢106(5)—Commissioner has discretion to excuse failure to seasonably present motion for dissolution in interference proceeding, as provided by rules.

Where party fails seasonably to present motion for dissolution in interference proceeding, under rules 122 and 130 of Patent Office, he may invoke discretionary power of Commissioner by showing good reason why such motion was not presented; but Commissioner's decision will not be disturbed, unless such discretion is abused.

Appeal from the Commissioner of Patents.

Interference proceeding between Edward W. Isom and Carbon P. Dubbs. From a decision of the Commissioner of Patents, awarding priority of invention to Dubbs, the senior party, Isom appeals. Affirmed.

W. C. Jones, J. B. Thiess, and J. B. Macauley, all of Chicago, Ill., for appellant.

W. F. Hall, and J. T. Newton, both of Washington, D. C., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and BARBER, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from the decision of the Commissioner of Patents in an interference proceeding, in which priority of invention was awarded Dubbs, the senior party.

The counts are two in number, and read as follows:

"1. In a device of the class described, a furnace having heating flues therein, substantially vertical heating pipes extending through said heating flues, a supply tank, a connection from said heating pipes to said tank, a liquid forcing means, and connections from said tank and heating pipes to said means.

"2. An apparatus for cracking hydrocarbons, comprising a tank for holding a body of oil, a furnace, a series of small vertical pipes in the furnace, means for forcing oil from the tank to the lower ends of said pipes, and return connections from the upper ends of the pipes to the tank."

The Dubbs application was filed July 9, 1917. Isom filed September 10, 1917, and a patent was inadvertently issued to him on November 19, 1918. On the declaration of the interference, Isom challenged Dubbs' right to make the claims, through a motion to dissolve, based on rule 122 of the Patent Office. When this motion came on to be heard, Isom's counsel conceded or admitted Dubbs' right to make count 1, and the Law Examiner and the tribunals of the Patent Office have sustained his right to make count 2. As observed by

the Patent Office tribunals, the counts are drawn in broad terms, and they are readable upon the Dubbs disclosure.

[1, 2] Upon the denial of Isom's motion to dissolve, he introduced evidence carrying his date of conception back of Dubbs' filing date. Thereupon Dubbs introduced evidence which has satisfied the Patent Office tribunals, as it has us, that he was first to conceive. On the record as it then stood, he was entitled to the award of priority. Notwithstanding that no motion had been filed under rules 122 and 130 challenging the operativeness of the apparatus disclosed by Dubbs in his application, Isom, in his cross-examination of Dubbs and against Dubbs' protest, sought to raise this question, and has introduced voluminous testimony in support of his contention.

Rule 130 of the Patent Office provides that, where the patentability of a claim to an opponent is material to the right of a party to a patent, that party may urge the non-patentability of the claim to his opponent as a basis for the decision upon priority of invention, provided "he has duly presented and prosecuted a motion under rule 122 for dissolution upon this ground or shows good reason why such a motion was not presented and prosecuted." Rule 122 provides that motions to dissolve an interference "should contain a full statement of the grounds relied upon," and "should, if possible, be made not later than the thirtieth day after the statements of the parties have been received and approved. * * * If in the opinion of the Commissioner the motion be not in proper form, or if it be not brought within the time specified and no satisfactory reason be given for the delay, it will not be considered and the parties will be so notified." In Harvey v. Short, 55 App. D. C. 199, 4 F.(2d) 165, we held that these rules have the force of law, and that the failure of a party to file a motion to dissolve under the provisions of the rules, without a showing satisfactory to the Commissioner for failure to do so, disentitles him to question the patentability of the claims of his adversary.

As his reason for failure to comply with the rules, Isom contended that the inoperativeness of the structure disclosed by Dubbs was not obvious, but obscure and highly technical, necessitating the building and testing of the actual apparatus, and that "this fact of nonobviousness constitutes a good showing why a motion for dissolution was not presented within the time allowed by rule 122." The Examiners in Chief observed that such a practice "would leave it in the power of such party to say whether an invention is or

is not obscure and, without submitting the question to this office or securing permission to take testimony relating to the question of inoperativeness, to proceed to take such testimony and thereby to deprive his opponent of his right of hearing by the Law Examiner and the appellate tribunals, and to subject him to perhaps an unbearable expense." The Commissioner, likewise, rejected Isom's contention in this regard, and both tribunals held that as a matter of fact "the alleged infirmity of the apparatus shown in the Dubbs application was appreciated and was discussed before any testimony was taken in this case."

We think this ruling of the Commissioner must be sustained. Where a party fails seasonably to present a motion for dissolution as provided by these rules, he may invoke the discretionary power of the Commissioner by showing "good reason why such a motion was not presented and prosecuted," and, unless the exercise of discretion by the Commissioner constitutes an abuse of discretion, his decision ought not to be disturbed by the courts. There certainly was no abuse of discretion in this case. We rule, therefore, that Isom is not in a position to challenge the operativeness of the structure disclosed in the Dubbs application.

The rulings of the Patent Office tribunals on the question of priority were so clearly right that a further discussion of the evidence is unnecessary. The decision is affirmed.

Affirmed.