**Application of ROGOFF.**
**No. 113, Miscellaneous.**

United States District Court
M. D. Pennsylvania.
Feb. 13, 1951.

George M. Szabad, and Blum & Jolles, all of New York City, Hugh J. McMenamin, and O'Malley, Harris, Harris & Warren, all of Scranton, Pa., for petitioner.

Marshall M. Holcombe, and Curtis, Morris & Safford, all of New York City, George H. Hafer, Hull, Leiby and Metzger, all of Harrisburg, Pa., for respondents.

WATSON, Chief Judge.

Petitioner, Julian Rogoff, moved, prior to this, for an order compelling Respondents, William S. Watts and Franklin H. Wells, to answer certain questions propounded to them in depositions being taken in Interference No. 83,667, now pending in the United States Patent Office. On December 14, 1950, this Court filed an opinion and an order denying Petitioner's motion. D.C., 94 F.Supp. 377.. Petitioner now files a petition for a rehearing on and reconsideration of the motion which was denied.

Petitioner now contends that the decision of this Court, refusing to grant an order compelling Respondents to answer certain questions, is based on the erroneous premise that the testimony sought by the Petitioner is on the question whether the disclosure in the Watts specification is sufficient to support the interference count. Petitioner states that this is not the nature of the testimony he is seeking; instead, the purpose of taking testimony is in support of a motion, filed in the United States Patent Office, to dissolve the Interference on the ground of "inoperativeness".

This Court's opinion and order, filed December 14, 1950, was based on the premise that the testimony sought by the Petitioner was on the question whether the disclosure in the Watts specification was sufficient to support the interference count, but it is not an erroneous premise as contended by Petitioner. The premise is not only correct on the facts before the Court, but also in accord with the argument made by Petitioner and with his brief filed after oral argument.

The original petition filed with this Court seeking to compel the taking of testimony makes no reference whatsoever to any motion filed in the Patent Office to dissolve the Interference on the ground of "inoperativeness". There was no mention of such a motion at the oral argument, or in the brief submitted by the Petitioner. The motion was never called to the attention of this Court until the petition for a rehearing was filed.

In the present petition for a rehearing and reconsideration of the original motion, Petitioner attaches, as Exhibit "A", a Motion to Dissolve the Interference, filed with the Patent Office on July 6, 1949. Petitioner contends that this motion is a motion to dissolve on the basis of the "inoperativeness" of his opponent's structure, and that the Patent Office has consistently permitted testimony on this question of "inoperativeness".

An examination of the motion to dissolve filed by the Petitioner shows that such motion was not made on the basis of "inoperativeness", but rather on the ground that the reissue applicant (Watts) is not entitled to make the count in interference. The motion to dissolve the Interference reads as follows:

"Now comes the party Rogoff, and by his attorney moves to dissolve the interference for the reasons that the reissue applicant has failed in his reissue application to make the requisite showing as to inadvertence, accident, or mistake, and on the further ground that the reissue applicant is not entitled to make the count in interference.

"Rogoff will rely on the attached affidavit of W. F. Bonwitt in support of his position that the material identified in the Watts reissue application is not the material called for or required by the Rogoff patent here involved".

Nowhere in the motion to dissolve the Interference has the Petitioner indicated or suggested that it was directed to or made on the basis of "inoperativeness".

The record clearly shows that the Patent Office acted upon such motion as a motion to dissolve on the ground that the disclosure in Watts' Application was not sufficient to support the interference count, rather than as a motion to dissolve on the ground of "inoperativeness".

It is important that a distinction be drawn between a motion to dismiss on the ground that the disclosure in the Watts Application was not sufficient to support the interference count, and a motion to dismiss on the ground that the device of the invention as disclosed in the Watts Application was inoperative. The Patent Office and the courts have recognized these grounds as raising entirely different issues.[1]

■ One of the primary differences between a motion to dissolve based on the applicant's right to make the interference count, and a motion to dissolve based on "inoperativeness" is that testimony on the right to make the count is not admissible;[2] whereas testimony on operativeness may be admissible in support of a timely motion to dissolve for "inoperativeness".[3]

■ Having failed to file a timely motion to dissolve the Interference on the basis of "inoperativeness", under Rule 258 of the Rules of Practice of the United States Patent Office,[4] Petitioner is not entitled to raise non-patentability because of inoperativeness at the final hearing.[5] Petitioner is limited to the contentions which he made in the motion to dissolve the Interference.

The Petition for a rehearing and reconsideration of the original motion to compel Respondents to answer certain questions will be denied. An appropriate order will be filed herewith.

1. Isom v. Dubbs, 1928, 58 App.D.C. 25, 24 F.2d 467.

2. Fishburn v. Vincent, 1937, 88 F.2d 711, 24 C.C.P.A., Patents, 1079.

3. Creed v. Potts, 1938, 96 F.2d 317, 25 C. C.P.A., Patents, 1084.

4. 35 U.S.C.A.Appendix, Rule 1.258.

5. Isom v. Dubbs, supra; Koch v. Lieber, 1944, 141 F.2d 518, 31 C.C.P.A., Patents, 979.