Giulio NATTA et al., Appellants
(Appellees in No. 16003),

v.

Alex ZLETZ and Standard Oil Company
of Indiana, Appellees (Appellants
in No. 16003).

Nos. 16002, 16003.

United States Court of Appeals
Seventh Circuit.

May 23, 1967.

Max Wildman, Arthur G. Gilkes, Chicago, Ill., John T. Kelton, New York City, Elsie C. Spears, of Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for appellees Alex Zletz and Standard Oil Co. (Indiana); Watson, Leavenworth, Kelton & Taggart, William H. Vogt III, Thomas V. Heyman, New York City, of counsel, for Zletz and Standard Oil Co.

Mary Helen Sears, Washington, D. C., Kenneth J. Burns, Jr., Chicago, Ill., Raymond, Mayer, Jenner & Block, Chicago, Ill., Irons, Birch, Swindler & McKie, Washington, D. C., for appellants Natta and others; Edward S. Irons, Washington, D. C., Harvey W. Mortimer, Darby & Darby, New York City, Cox, Langford & Brown, Washington, D. C., of counsel.

Before SCHNACKENBERG, CASTLE and CUMMINGS, Circuit Judges.

CASTLE, Circuit Judge.

Giulio Natta, Piero Pino and Giorgio Mazzanti, senior party in a patent interference proceeding (Interference 89,634) pending before the United States Patent Office moved in the District Court pursuant to 35 U.S.C.A. § 23 and § 24 for an order under Rule 34 of the Federal Rules of Civil Procedure (28 U.S.C.A.) to obtain the production of documents from the files of Standard Oil Company of Indiana, assignee of junior party, Alex Zletz. The documents are sought for use in the interference proceeding in the examination, on rebuttal testimony, of present and former employees of Standard Oil including Zletz, the named inventor in the Standard Oil application for patent involved in the interference proceeding. Appellants' motion was filed in the District Court on June 30, 1966. At that time the trial testimony period allocated to appellants by the Patent Office under its interference proceeding rules was scheduled to expire on July 29, 1966. The proceedings in the District Court on the motion culminated in an order entered November 16, 1966, denying the motion, and the appellants prosecuted an appeal (No. 16002) to this Court.

The main contested issues precipitated by the respective contentions advanced on appellants' appeal are (1) whether the order denying appellants' motion for document production is a final appealable order such as is requisite to this Court's exercise of appellate jurisdiction, and (2) whether a condition and limitation imposed by the Patent Office on the right of appellants to adduce additional testimony either deprived the District Court of jurisdiction or justified abstention by the District Court from the exercise of its jurisdiction in the premises.

The record discloses that prior to the July 29, 1966, expiration date the appellants moved in the Patent Office for an extension of their testimony time to a period to terminate thirty days after the completion of the District Court proceeding and two companion ancillary proceedings in other jurisdictions, and of all document production resulting therefrom. The Patent Office denied this motion without prejudice, however, to the right of the appellants to apply for and be afforded "special testimony time" on a showing of both successful and diligent prosecution of all or any of the ancillary proceedings for document production.

In the initial stage of the District Court proceeding the court entertained doubt as to the propriety of Rule 34 relief where the document production sought was not for use in connection with a witness then on the witness stand.[1] It is clear from the record, however, that the court's ultimate ruling on the motion involved neither this consideration nor any question going to the merits of appellants' request, but was predicated solely on jurisdictional considerations.

In this connection the record reflects that on October 4, 1966, the court recog-

---

1. We agree with the District Court's subsequent conclusion that absence of a witness on the stand does not here preclude issuance of a Rule 34 order for the production of documents.

nized that it was its failure to rule promptly on the motion within appellants' allocated testimony period, which expired July 29, 1966, which was then causing it concern, and the court ruled that it would delay a ruling in the matter pending a "determination by the Patent Office that there has been in fact an extension of time in which to further discover". The court requested appellants to bring its remarks to the attention of the Patent Office and obtain a clarification of the Patent Office's July 22, 1966, ruling denying appellants a specific and unconditional further testimony period. In response, the Patent Office on October 13, 1966, acting through its Patent Interference Examiner, entered in its records a declaration that its order of July 22, 1966:

"* * * was issued in response to a motion by Natta et al. seeking an extension of time previously set for the taking of testimony on behalf of Natta et al., which time as of July 22, 1966, had not as yet expired. The motion was denied in view of the past history of the interference and the indefiniteness of the period requested. However, since, as noted, the Natta et al. testimony period had not yet on July 22, 1966, expired, and since court proceedings in furtherance of the taking of testimony on their behalf had allegedly been initiated prior to July 22, 1966, it was intended not to foreclose the taking of only such testimony which may result from court actions initiated prior to the expiration (July 29, 1966) of the Natta et al. testimony period, if pursued with diligence.

Upon a determination by the Court that the proceedings presently before it was actually initiated prior to July 29, 1966, the date of expiration of the Natta et al. testimony period, and * * * the Court finds that the production of documents and/or witnesses is justified, the Patent Interference Examiner upon notification of such finding will set a special testimony period in accordance with the conditions stated in the order of July 22, 1966."

Despite this clarification and reaffirmation by the Patent Office that it intended to allow and fix a specific testimony period limited to the sole purpose of permitting appellants to take the testimony "only of those witnesses who are ordered to testify as a result of the specific Court proceedings" then pending, provided the appellants diligently pursued their request for document production etc., and those requests bore fruit, the District Court denied appellants' motion. In so doing the court stated:

"In the instant case there is considerable doubt as to whether the Patent Office has allowed further testimony to be taken in this case. The *evasively*, underlined, drawn orders of the patent examiner do not clearly indicate, as they so easily could have, whether it is the desire of the patent examiner to entertain *further* testimony or whether it is not his desire that such further testimony be entertained.

I may not order testimony to be taken in the Patent Office and the examiners there should not attempt to put me in a position where I must appear to do so in order to resolve motions put before me by the parties in good faith.

It is my firm belief that this Court may not act to allow discovery until the Patent Office unequivocally *opens* up a period for the taking of testimony by Natta. The services of my court in aid of discovery, as we may call it, or the taking of testimony and the production of documents, is ready and willing to be used to the services of the patent examiner but will not be given until and unless the Patent Office clearly allows Natta a period in which to introduce testimony based on evidence which *may be gotten from* discovery in my court.

Once this period has been clearly and unequivocally set, I will allow discovery by Natta to the fullest extent

possible upon hearing of the proper matters with relation thereto.

\* \* \* \* \* \*

I have given this matter considerable thought and I feel that I may not act, and should not act, nor should any district court in the United States act in any similar situation until or unless the Patent Office tells that court in no uncertain terms that in furtherance of its proceedings time has been extended in which testimony may be taken by the parties seeking the services of another district court for the purposes of helping it discover."

■ We first consider the question concerning this Court's appellate jurisdiction to review the District Court's denial of appellants' motion. It is apparent that the denial is final for all practical purposes. The Patent Office has no power to order documentary production, much less power to review the question of appellants' right to the documentary production denied appellants by the District Court. And we regard it to be established law in this Court that denial of the ultimate relief sought by a proceeding ancillary to primary litigation pending before another tribunal, as to which ancillary relief no review will or can be made in the main proceeding, is appealable as a final order under 28 U.S.C.A. § 1291. Carter Products, Inc. v. Eversharp, Inc., 7 Cir., 360 F.2d 868. And, appellants' prosecution of an appeal constituted an election to stand on their motion insofar as the court's order denying it was concerned and no formal order of dismissal of the proceedings in the District Court is a prerequisite to appealability. Asher v. Ruppa, 7 Cir., 173 F.2d 10; Duane v. Altenburg, 7 Cir., 297 F.2d 515, 518. We conclude that this Court has appellate jurisdiction to review the order of the District Court.

■■ Clearly, Rule 34 in connection with 35 U.S.C.A. § 24 vests authority in the district court to require the production of documents. Gladrow v. Weisz, 5 Cir., 354 F.2d 464, 468. The Patent Office in its rulings in the proceeding before it has consistently preserved to appellants the right to take the testimony which might be consequent from the District Court ancillary proceeding for documentary production. We perceive nothing in the Patent Office's refusal at this stage of the matter to set a specific testimony period circumscribed by precise dates which serves to preclude or disturb the "jurisdiction" of the District Court or afford a justifiable basis for the court to abstain from the exercise of its jurisdiction. The Patent Office by its declarations of record stands ready and willing to fix a special testimony time should appellants' request for documentary production be diligently pursued and be fruitful.[2] And, under the circumstances here presented, the insistence of the District Court that before it will entertain the Rule 34 motion the Patent Office must first proceed to fix a *specific* future time for the taking of testimony, which testimony may not materialize, fails to accord the respect and accommodation due the determination by the Patent Office with regard to an aspect of the matter peculiarly subject to its jurisdiction. It was error for the District Court to so condition exercise of its authorized ancillary jurisdiction— a jurisdiction designed to cooperatively complement Patent Office jurisdiction as an aid to the quest for truth. Cf. Hoffman v. Blaski, 363 U.S. 335, 345, 80 S.Ct. 1084, 4 L.Ed.2d 1254.

■ The appeal of Zletz and Standard Oil (No. 16003) posits error in the District Court's action ordering stricken certain "background" affidavits made by counsel. The court appears to have been of the view that its basis for denying appellants' motion for document production rendered the contents of the affidavits immaterial. In any event, we fail

2. The limitation imposed by the Patent Office that the scope of the special testimony time include testimony only of those witnesses ordered to testify as a result of the ancillary proceeding, whether error or not, is of no concern to the District Court. It is not reviewable in the ancillary proceeding.

to see how either Zletz or Standard Oil was prejudiced by the striking of the affidavits. No error requiring reversal resulted therefrom.

The November 16, 1966, order of the District Court denying appellants' motion is reversed, and the proceeding is remanded to the District Court with directions to entertain appellants' motion for the production of documents on its merits.

Costs on appeal in each of the appeals are taxed and allowed against Alex Zletz and Standard Oil Company of Indiana.

A motion of appellants, taken with the case at the time of oral argument, to strike certain material filed herein without leave of court, is allowed. This material, filed by appellees, purportedly pursuant to Rule 16(k) of this Court, was not only untimely filed but also by its nature fails to qualify under the rule.

Reversed and remanded.