**MONTECATINI EDISON S. p. A.,**
Appellant,

v.

**E. I. du PONT de NEMOURS & CO.**

No. 18276.

United States Court of Appeals,
Third Circuit.

Argued Feb. 17, 1970.

Decided Nov. 10, 1970.

Mary Helen Sears, Irons, Stockman, Sears & Santorelli, Washington, D. C., Edward S. Irons, Washington, D. C., on the brief, for appellant.

David A. Drexler, Morris, Nichols, Arsht & Tunnell, Wilmington, Del., James M. Tunnell, Jr., Wilmington, Del., Louis F. Reed, Fish & Neave, New York City, Roger A. Hines, Legal Department, E. I. duPont de Nemours & Co., Wilmington, Del., on the brief, for appellee.

Before KALODNER and VAN DUSEN,* Circuit Judges, and FULLAM, District Judge.

## OPINION OF THE COURT

FULLAM, District Judge.

Pursuant to 35 U.S.C. § 24, the appellee, E. I. du Pont de Nemours, Inc. (hereinafter "du Pont"), invoking Fed. R.Civ.P. 34, obtained an order of the court below directing the appellant,

* Judge Van Dusen did not participate in the ultimate determination of this case.

Montecatini Edison S.p.A. (hereinafter "Montecatini"), to produce certain documents for use in connection with a patent interference proceeding. The motion covered some 59 categories of documents, but only eight categories are involved in this appeal from the production order.

The appellant, Montecatini, had itself previously obtained similar discovery in various other ancillary proceedings. See Natta v. Zletz, 379 F.2d 615 (7th Cir. 1967); Hogan v. Zletz (Baxter v. Natta), 43 F.R.D. 308 (N.D.Okl.1967) aff'd 392 F.2d 686 (10th Cir. 1968); In re Natta, 264 F.Supp. 734 (D.Del.1967) aff'd 388 F.2d 215 (3rd Cir. 1968).

The interference in question was declared by the Patent Office in 1958 between applications filed by Montecatini, du Pont, and several other parties, covering "normally solid polypropylene." In interference proceedings, the party whose patent application bears the earliest filing date is designated as the senior party. Testimony is presented within time periods set by the Patent Office, the junior parties proceeding first, followed by the senior party and the junior parties' rebuttal, if any. See Patent Office Rule 251, 37 CFR 1.251. The present litigation is ancillary to interference No. 89,634, in which Montecatini is the senior party. du Pont rested its case in chief on March 11, 1966. When the discovery motion here involved was filed, approximately two years later, Montecatini had completed most of its testimony in chief. However, the Patent Office had ruled that if the discovery Montecatini was pursuing in the courts referred to above, proved to be successful, Montecatini would be afforded additional time in which to introduce evidence derived from that discovery.

In essence, appellant contends that the District Court should not have granted du Pont's motion for production of documents because such documents were not relevant to any issue still open in the interference proceedings, since du Pont's testimony period had expired, and the documents were irrelevant to any issue which might be the subject of rebuttal testimony.

The court below entered an order on April 16, 1969, granting the motion for production, on the basis of findings that good cause for production had been shown,[1] and that the documents were relevant to issues pending before the Patent Office, specifically, the presumptive patent date accorded to Montecatini. A further objection by Montecatini, that the documents were privileged, was referred to a master. Montecatini sought to have the issues of good cause and relevance severed from the privilege issue, so that an immediate appeal could be taken. The District Court denied the requested severance, but did grant a stay of the production order until the privilege issues were resolved, on October 17, 1969. Thereafter, both the District Court and this Court denied Montecatini's motions for further stay of the order pending appeal.

Appellant's arguments on the issues of good cause and relevance are closely related, and are based on the proposition that du Pont no longer has available in the Patent Office proceeding any opportunity to utilize such information as the documents might provide. The argument runs as follows: du Pont's only assertion that the documents are relevant is that they bear upon the issue of "inventorship discrepancy" which might result in vacating Montecatini's senior party status; however, evidence on this issue can be presented only in the junior parties' case in chief, and du Pont did not raise this issue during its presentation in chief; therefore, Montecatini does not intend to introduce any evidence on this issue in its case in chief; therefore, documents relating to this issue would not be useful either for cross-examination or rebuttal purposes; and finally, therefore, du Pont has failed

---

1. Fed.R.Civ.P. 34 has since been amended, effective July 1, 1970, to eliminate the requirement of good cause.

to establish either the relevancy of the documents or good cause for their production.

Appellant's argument is a forceful one, and it may well be that a decision in its favor in the court below could have been permitted to stand on appeal. But appellant's assertions rest upon a somewhat narrow view of the issue of relevance, its own assertion as to what issues its testimony will cover, and the assumption that cross-examination will be rigidly limited.

█ In discovery matters, our review is confined to determining whether the District Court abused its discretion. See Borden Co. v. Sylk, 410 F.2d 843 (3rd Cir. 1969); Southern Railway Co. v. Lanham, 403 F.2d 119 (5th Cir. 1968). The decision of this Court in In re Natta, *supra*, makes it clear that discoverability is not coterminous with admissibility, and that good cause is demonstrated by a showing that "evidence necessary to rebut du Pont's case may exist in du Pont's files and will remain inaccessible without the aid of a court order." 388 F.2d at 219. In Gladrow v. Weisz, 354 F.2d 464 (5th Cir. 1965), the court specifically held that a junior party is entitled to documents for cross-examination of the senior party on the existence and date of the senior party's invention. And in Natta v. Zletz, *supra*, the Seventh Circuit concluded that the absence of a fixed and certain testimony period does not negative a finding of good cause.

█ It was within the permissible limits of the lower court's discretion to conclude that the documents sought might be helpful, either in cross-examination or in rebuttal, or in an attempt to persuade the Patent Office to grant an additional, special, period for presenting evidence. Nor can the lower court be faulted for viewing discovery as a reciprocal process.

We recognize that the appellant may well prove to be correct, in point of fact, and that the production of these documents may prove to have been pointless. If so, appellant will not have been harmed appreciably, since there is no issue of privilege, and since the documents have already been produced. It would be equally pointless for this court to reverse the production order, unless such reversal included a direction to suppress evidence already obtained; but if du Pont has obtained usable information, the order appealed from was clearly correct. In the present posture of this case, the egg simply cannot be unscrambled.

█ Montecatini further contends that the discovery was untimely. Such issues are committed to the sound discretion of the District Court. Babcock and Wilcox v. Foster Wheeler Corporation, 432 F.2d 385, 3rd Cir., filed September 14, 1970. We see no abuse of discretion here. du Pont's motion for production was filed promptly after its attempts to thwart Montecatini's efforts to obtain similar discovery resulted in the decision of this court in In re Natta, *supra*, which clarified the applicability of discovery rules to ancillary proceedings under 35 U.S.C. § 24.

After carefully considering all of the appellant's arguments, and after reviewing the entire record, we are unable to conclude that the court below abused its discretion in granting the motion for production.

█ Appellant's further argument that the court erred in refusing to sever the issues of relevance and good cause from the privilege issues, thus precluding an interlocutory appeal, is clearly without merit. Appellant's right of appeal was not infringed by the District Court, as the existence of the present appeal demonstrates. The fact that appellant was required to produce the documents before this appeal was heard resulted from the decision of this court to deny a stay pending appeal, a decision which is not reviewable here.

The order of the District Court will be affirmed.