534 F.2d 1031
 1976-1 Trade Cases 60,840
 XEROX CORPORATION, Defendant-Appellant,
v.
SCM CORPORATION, Plaintiff-Appellee.
XEROX CORPORATION, Petitioner,
v.
Hon. Jon O. NEWMAN, Judge of the United States District
Court for the District of Connecticut, and SCM
Corporation, Respondents.
 Nos. 1060, 1061, Dockets 76-3017, 76-7131.
 United States Court of Appeals,
Second Circuit.
 Argued April 13, 1976.
Decided April 15, 1976.
 
 Stanley D. Robinson, New York City (Milton Handler, Kaye, Scholer, Fierman, Hays & Handler, Kenyon & Kenyon Reilly Carr & Chapin, New York City, Cummings & Lockwood, John R. Murphy, Stamford, Conn., of counsel), for defendant-appellant.
 Stephen Rackow Kaye, New York City (Ira B. Grudberg, David L. Belt, New Haven, Conn., W. Thomas Fagan, Boston, Mass., Richard M. Gelb, Proskauer, Rose, Goetz & Mendelsohn, New York City, Widett, Widett, Slater & Goldman, P. C., Boston, Mass., Jacobs, Jacobs & Grudberg, P. C., New Haven, Conn., of counsel), for plaintiff-appellee.
 Before CLARK, Associate Justice,* and MANSFIELD and MULLIGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this litigation between two giants of the office copying industry, which was begun in 1973 when SCM Corporation (SCM) brought an action against Xerox Corporation (Xerox) in the District of Connecticut seeking damages for alleged antitrust violations, and declaratory and injunctive relief with respect to certain patent and license agreements, Xerox seeks to appeal from two pretrial discovery orders issued by Judge Jon O. Newman with respect to documents and information claimed to be protected from disclosure by the attorney-client privilege. In the alternative, Xerox petitions pursuant to 28 U.S.C. § 1651 and Rule 21, F.R.A.P., for a writ of mandamus staying the operation and effect of the orders.
 
 
 2
 In recent years we have repeatedly sought to make clear that in the absence of a certification pursuant to 28 U.S.C. § 1292(b) or of a showing of "persistent disregard of the Rules of Civil Procedure," Will v. United States, 389 U.S. 90, 96, 88 S.Ct. 269, 274, 19 L.Ed.2d 305, 310 (1967), or of "a manifest abuse of discretion," Baker v. United States Steel Corp., 492 F.2d 1074, 1077 (2d Cir. 1974), on the part of the district court, no jurisdictional basis exists for interlocutory review of pretrial discovery orders of the type here presented. See 28 U.S.C. § 1291; International Business Machines Corp. v. United States, 480 F.2d 293 (2d Cir. 1973) (en banc), cert. denied, 416 U.S. 980, 94 S.Ct. 2413, 40 L.Ed.2d 777 (1974); American Express Warehousing, Ltd. v. Transamerica Insurance Co., 380 F.2d 277 (2d Cir. 1967); Shattuck (IBM) v. Hoegl (Xerox), 523 F.2d 509 (2d Cir. 1975).
 
 
 3
 No such showing is made here and Judge Newman understandably refused to certify his rulings for appeal pursuant to 28 U.S.C. § 1292(b). This case does not present legal questions of first impression or of "extraordinary significance," 380 F.2d at 282. Furthermore, the record indicates that the district judge far from being guilty of usurpation of power, invoked and painstakingly applied settled principles governing the attorney-client privilege to a complicated factual picture. Xerox's attack upon the viability of Colton v. United States, 306 F.2d 633 (2d Cir. 1962), cert. denied, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963), which it bases on our later decision in United States v. Silverman, 430 F.2d 106 (2d Cir. 1970), modified on rehearing, 439 F.2d 1198 (1970), cert. denied, 402 U.S. 953, 91 S.Ct. 1619, 29 L.Ed.2d 123 (1971), hardly warrants interlocutory review. It is further settled that the exception created by Cohen v. Beneficial Industrial Loan Co., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), to the finality requirement cannot be employed to obtain interlocutory review of discovery orders. See American Express Warehousing, supra, 380 F.2d at 280; Shattuck, supra, 523 F.2d at 516. In view of the applicability of such well-established jurisdictional principles, further explication is unnecessary. "Occidit miseros crambe repetitia magistros" Juvenal, Satires. Sat. vii, 242-243. (Gifford, tr.).
 
 
 4
 The attempted appeal is dismissed for lack of appellate jurisdiction. The petition for a writ of mandamus is denied.
 
 
 
 *
 Supreme Court of the United States, retired, sitting by designation