**SHATTUCK et al., Plaintiffs.**

**Meredity D. Shattuck, Ulo Vahtra and International Business Machines Corporation, Plaintiffs-Appellants,**

v.

**HOEGL et al., Appellees.**

**No. 169, Docket 76–7189.**

United States Court of Appeals, Second Circuit.

Argued March 28, 1977.

Decided May 20, 1977.

Joseph G. Walsh, New York City (Frank F. Scheck, Joseph J. C. Ranalli, Pennie & Edmonds, New York City, of counsel), for plaintiffs-appellants.

Francis J. Hone, New York City (Brumbaugh, Graves, Donohue & Raymond, New York City, of counsel), for appellees.

Before GURFEIN and MESKILL, Circuit Judges, and NEWMAN, District Judge.*

MESKILL, Circuit Judge:

This is an appeal from an order of the United States District Court for the Western District of New York, Harold P. Burke, J., denying discovery in a patent interference proceeding. We dismiss the appeal for lack of jurisdiction.

### I.

Appellant Shattuck is an employee of International Business Machines Corporation ("IBM"), one of the real parties in interest. He is the holder of a patent on a photo-conductive compound, known as "equal weight TNF/PVK," which is used in office copiers manufactured by IBM, the assignee of the patent. Hoegl is an employee of Xerox Corporation ("Xerox"), the other real party in interest. Xerox claims that Hoegl discovered "equal weight TNF/PVK" before Shattuck, and therefore that IBM's patent properly belongs to Xerox. In 1973, Xerox asserted this claim in an interference proceeding in the Patent Office against IBM.[1]

IBM responded by charging Xerox with fraud on the Patent Office. In support of this contention, IBM offers evidence that the prior inventor was not Hoegl, but Weigl, another Xerox employee. IBM claims that this earlier, non-disclosed discovery by Xerox constituted fraud on the

Patent Office and thus defeats the interference claim. *See Beckman Instruments, Inc. v. Chemtronics, Inc.,* 428 F.2d 555, 564–66 (5th Cir.), *cert. denied,* 400 U.S. 956, 91 S.Ct. 353, 27 L.Ed.2d 264 (1970); Kayton, Lynch and Stern, Fraud in Patent Procurement: Genuine and Sham Charges, 43 Geo.Wash.L. Rev. 1 (1974).

IBM has conducted discovery in the Western District of New York under 35 U.S.C. § 24.[2] At an earlier stage of this proceeding, Karembelas and Kondo, both attorneys employed by Xerox, as well as Weigl, appeared at depositions. All three refused to produce certain documents, making claims of work product and privilege.[3] At IBM's request, Judge Burke ordered Weigl to produce the documents he had withheld. Xerox attempted to appeal that order to this Court. We held that the order was non-final, and dismissed the appeal. *Shattuck v. Hoegl,* 523 F.2d 509 (2d Cir. 1975) ("Shattuck I").

Some time after that, IBM moved to compel Karembelas and Kondo to produce the documents in their control.[4] This time, Judge Burke refused to compel discovery, and IBM appealed.[5]

### II.

As a general rule, orders granting or denying discovery are not appealable. *Xerox Corp. v. SCM Corp.,* 534 F.2d 1031 (2d

---

* Hon. Jon O. Newman of the District of Connecticut, sitting by designation.

1. This is the latest in a long series of legal battles over this invention. Xerox instituted similar proceedings in 1970, 1972, 1973, 1976 and 1977, in the United States and Canada. *New York Times,* March 5, 1977, p. 32. One of these suits was scheduled to begin in Toronto in March, 1977.

2. 35 U.S.C. § 24 provides, in relevant part:
   The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions

of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent Office.
   In addition to the proceedings described in this opinion, IBM has sought discovery under § 24 in the United States District Court for the Eastern District of Virginia.

3. It was largely through this earlier round of discovery that IBM uncovered the documents it offers to support its charge of fraud.

4. Many, if not all, of these documents were sought in the *Shattuck I* proceeding. At that time, however, IBM moved to compel discovery only against Weigl.

5. Judge Burke's decision rested on his finding that IBM waived its right to demand further discovery against these witnesses.

Cir. 1976); 4 Moore's Federal Practice ¶ 26.-83[3] (1976). However, when, as here, the only relief sought in the district court is discovery, a number of exceptions to this rule exist. *Id.* at ¶ 26.83[4]. Appellants vigorously urge us to carve out another such exception.

The law governing appealability of orders issued under 35 U.S.C. § 24 is in almost hopeless disarray.[6] 4 Moore's Federal Practice ¶ 26.83[4], at 26–590 n. 7; C. Wright, A. Miller, and E. Cooper, Federal Practice and Procedure § 3914, at 584–85 (1976). Over 50 years ago, this Circuit held all such orders non-appealable. *Tucker v. Peiler,* 297 F. 570 (2d Cir.), *cert. denied,* 265 U.S. 587, 44 S.Ct. 461, 68 L.Ed. 1193 (1924). In *Shattuck I,* we followed *Tucker,* and held that all orders granting discovery under 35 U.S.C. § 24 would be non-appealable:

> None of these cases convinces us that we should decline to follow our decision in *Tucker v. Peiler,* especially where, as here, production of documents and testimony of witnesses has been ordered. We thus distinguish the instant case from one where a district court has *denied* production of documents or taking of testimony. In that situation, the district court order may very well be final since, as the Sixth Circuit pointed out in *Oschner,* no other court may ever be in a position to order production.

523 F.2d at 516.

However, not all orders denying discovery are appealable under our decision in *Shattuck I.* The opinion went on to distinguish *Natta v. Zletz,* 379 F.2d 615 (7th Cir. 1967), which held that all such orders were appealable on the authority of *Carter Prods., Inc. v. Eversharp, Inc.,* 360 F.2d 868 (7th Cir. 1966):

> In allowing review in *Natta,* we think that the Seventh Circuit failed to distinguish between the situation of a party, as distinguished from that of a non-party. *Such distinction strikes us as crucial.* In the *Carter Products* situation, the court to which the appeal in the main action would be taken would have no power to direct production by a non-party outside its jurisdiction; hence no review of such a disclosure order would be possible unless in the ancillary jurisdiction.
>
> .　　.　　.　　.　　.
>
> Similarly, a court which reviews a Patent Office determination may order production by a party to the interference if it thinks such production is warranted.
>
> .　　.　　.　　.　　.
>
> On the other hand, *where disclosure is sought from a party, the court which reviews the main action will always have the requisite jurisdiction to order disclosure.*

523 F.2d at 514–15 (citations omitted) (emphasis added).

▄▄▄ Thus, the rule in this Circuit is that collateral discovery orders are appealable only when they deny discovery against a non-party. This is not such a case. In *Shattuck I,* we held that Weigl, while nominally a non-party, had the status of a party for discovery purposes:

> If this rationale applies to an ordinary witness, it should apply with even more force to a witness such as Weigl. Although nominally a non-party to the patent interference, he is an employee of Xerox, one of the real parties in interest. His refusal to testify or produce the documents sought was pursuant to instructions from the Xerox attorneys.

523 F.2d at 516. The witnesses in this appeal have precisely the same status. Accordingly, Judge Burke's order is non-appealable.[7]

---

**6.** There is already a conflict among the Circuits on the precise point raised by this appeal, the appealability of an order denying discovery against a party-witness. *Compare Korman v. Shull,* 310 F.2d 373 (6th Cir. 1962) (non-appealable), *with Natta v. Zletz,* 379 F.2d 615 (7th Cir. 1967) (appealable).

**7.** The strain on judicial resources that arises from allowing appeals of these discovery orders is graphically portrayed in Judge Weis' decision in *Frilette v. Kimberlin,* 508 F.2d 205, 210 n. 8 (3rd Cir.), *cert. denied,* 421 U.S. 980, 95 S.Ct. 1983, 44 L.Ed.2d 472 (1975):

> The following is a list, not warranted to be complete, of published opinions on various rulings: *Montecatini Edison, S.p.A. v. duPont de Nemours & Co.,* 434 F.2d 70 (3d Cir. 1970); *Natta v. Zletz,* 418 F.2d 633 (7th Cir.

### III.

A party in the position of IBM is not left without a remedy. The Patent Office has recently adopted a rule under which discovery may be conducted in interference proceedings.[8] Moreover, a party disappointed by an interference proceeding has access to two Article III courts. An appeal may be taken to the Court of Customs and Patent Appeals. If that court finds that discovery against a party should have been ordered, it can vacate the decision of the Patent Office. Alternatively, the losing party may seek review in a district court, in which a trial *de novo* will be held. In such a proceeding, the full panoply of discovery procedures provided by Rule 26 is available, and further review is possible. Inasmuch as the chosen forum for review will be able to remedy any error in the discovery pro-

---

1969); *In re Natta,* 410 F.2d 187 (3d Cir. 1969), cert. denied, 396 U.S. 836, 90 S.Ct. 95, 24 L.Ed.2d 87; *Natta v. Zletz,* 405 F.2d 99 (7th Cir. 1968), cert. denied, 395 U.S. 909, 89 S.Ct. 1753, 23 L.Ed.2d 223; *Natta v. Hogan,* 392 F.2d 686 (10th Cir. 1968); *In re Natta,* 388 F.2d 215 (3d Cir. 1968); *Natta v. Zletz,* 379 F.2d 615 (7th Cir. 1967); *In re Hogan,* 309 F.Supp. 945 (D.C.Del.1970); *In re Natta,* 48 F.R.D. 319 (D.C.Del.1969); *Hogan v. Zletz,* 43 F.R.D. 308 (N.D.Okl.1967), modifying *Natta v. Hogan,* 392 F.2d 686 (10th Cir. 1968); *In re Natta,* 264 F.Supp. 734 (D.C.Del. 1967), aff'd 388 F.2d 215 (3d Cir. 1968); and *In re Natta,* 259 F.Supp. 922 (D.C.Del.1966), aff'd 388 F.2d 215 (3d Cir. 1968).

8. In 1971, the Patent Office promulgated Rule 287, 37 C.F.R. § 1.287, which reads as follows:

"§ 1.287. *Discovery.*

"(a) (1) Each party who expects to take testimony must serve on each opposing party who requests service the following:

"(i) A copy of each document in his possession, custody, or control and upon which he intends to rely,

"(ii) A list of and a proffer of reasonable access to things in his possession, custody, or control and upon which he intends to rely, and

"(iii) A list giving the names and addresses of all persons whom he intends to call as witnesses and indicating the relationship of each person to the invention in issue.

"(2) Dates for compliance with subparagraph (1) of this paragraph will be set in accordance with the following:

"(i) The date by which all parties may request service shall be not less than 10 days from the date of the order setting testimony times;

"(ii) The date for service by all junior parties shall be not less than 30 days from the date of the order setting such times;

"(iii) The date for service by the senior party shall be not less than 10 days from the date set for the close of testimony in chief of all junior parties.

"(3) Where more than two parties are involved and one of the junior parties is not entitled to take testimony as to a more senior party, the requirements of subparagraphs (1) and (2) of this paragraph shall not be applicable as between such parties.

"(b) The provisions of paragraph (a) of this rule are without prejudice to the right of a party, where appropriate, to obtain production of documents or things during cross-examination of an opponent's witness or during his own period for rebuttal testimony.

"(c) Upon motion (rule 243) brought by a party during the period for preparation for testimony, or thereafter as authorized under rule 245, and upon a showing that the interest of justice so requires, the Board of Patent Interferences may order additional discovery as to matters under the control of a party within the scope of the discovery rules of the Federal Rules of Civil Procedure, specifying the terms and conditions of such additional discovery. An order by the Board granting or denying a motion under this paragraph shall not be subject to review prior to a decision awarding priority.

"(d)(1) A party will not be permitted to rely on any document or thing in his possession, custody, or control, or on any witness, not listed and served by that party as required by paragraph (a) of this rule, except upon a promptly filed motion accompanied by the proposed additional documents or lists together with a showing of sufficient cause as to why they were not served by the date set pursuant to paragraph (a) of this rule.

"(2) Any failure to comply with an order under the provisions of paragraph (c) of this rule may be considered by the Board of Patent Interferences as basis for applying appropriate restrictions against the party failing to comply, for holding certain facts to have been established, and in an appropriate case for awarding priority against him, or for taking such other action as may be deemed appropriate.

"(e) The parties may by agreement among themselves modify any of the foregoing requirements consistent with the schedule of times for taking testimony and filing the record. In the absence of such agreement, discovery will not be permitted prior to the period set for the preparation for testimony."

**1122**

ceedings, there is no reason to allow this interlocutory appeal.[9]

Appellees urge, as a second ground of affirmance, that the scope of discovery under 35 U.S.C. § 24 be limited to enforcement of Patent Office orders. This view has been adopted in the First and Third Circuits, *Sheehan v. Doyle,* 513 F.2d 895 (1st Cir.), *cert. denied,* 423 U.S. 874, 96 S.Ct. 144, 46 L.Ed.2d 106 (1975); *Frilette v. Kimberlin,* 508 F.2d 205 (3d Cir.), *cert. denied,* 421 U.S. 980, 95 S.Ct. 1983, 44 L.Ed.2d 472 (1975), and by a judge of the United States District Court for the Southern District of New York who was a distinguished member of the patent bar before his appointment, *Spaite v. Marsh,* 191 USPQ 684 (S.D.N.Y. 1976) (Conner, *J.*). *See* Note, Discovery in Patent Interference Proceedings, 89 Harv. L.Rev. 573 (1976). In view of our decision that we lack jurisdiction over the appeal, we do not reach this question.

Appellees also ask us to assess double costs and an attorney's fee for taking what it characterizes as a "frivolous" appeal. The law in this area is far too confused for us to conclude that this appeal was taken in bad faith, especially in view of some of the language contained in *Shattuck I.* The request for double costs and an attorney's fee is denied.

The appeal is dismissed for lack of jurisdiction.

---

**9.** As Judge Mansfield stated in *Baker v. United States Steel Corp.,* 492 F.2d 1074, 1077 (2d Cir. 1974), another attempted appeal from a discovery order:

Our strong policy against interlocutory appeals is based principally on the view that since review is ultimately available upon appeal from the final judgment in the action, unnecessary intermediate appeals only serve to delay trial and to provide an opportunity for harassment and abuse, burdening us with procedural issues at a time when our dockets are swamped.